*E. L. Barney & D. T. Devoll*, for the plaintiff.

*C. S. Hayden*, for the defendant.

---

AMELIA H. ANTHONY *vs.* MERCANTILE MUTUAL ACCIDENT ASSOCIATION.

Bristol.   October 23, 1894. — November 27, 1894.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Accident Insurance — Burden of Proof — Law and Fact.*

In an action upon a policy of insurance against "bodily injuries effected through external, violent, and accidental means, within the intent and meaning of the conditions" recited therein, one of which is that no claim shall be valid thereunder "when the death or injury may have happened in consequence . . . of any voluntary exposure to unnecessary danger," and another of which is that "standing, riding, or being upon the platforms of moving railway coaches other

than street cars, or riding in any other place not provided for the transportation of passengers, or entering or attempting to enter or leave any public conveyance using steam as motive power while the same is in motion, . . . are hazards not contemplated or covered by this certificate," the burden of proof is on the defendant, after the plaintiff has shown that the injuries were "effected through external, violent, and accidental means," to show that they resulted from some of the causes specified in the conditions as not within the insurance.

A policy of insurance was issued against "bodily injuries effected through external, violent, and accidental means," containing conditions that no claim should be valid thereunder "when the death or injury may have happened in consequence . . . of any voluntary exposure to unnecessary danger," and that "standing, riding, or being upon the platforms of moving railway coaches other than street cars, or riding in any other place not provided for the transportation of passengers, or entering or attempting to enter or leave any public conveyance using steam as motive power while the same is in motion, . . . are hazards not contemplated or covered by this certificate." In an action upon the policy, it appeared that the assured was a passenger on a train upon a certain railroad; that he was seen in his usual health in one of the cars of the train late in the evening, just before it reached a station at which trains were accustomed to stop; that he had a ticket for a station farther on, to which the train was going; that the train stopped at the first named station to take the mail; that the night was dark, and there was no light on the platform at the station; that the train started slowly, and, when it had gone not more than thirty or fifty feet, he was discovered on the ground between the platform and the nearest rail of the track, with his legs crushed by the wheels of one of the trucks which had passed over them; that he survived about four hours, being unconscious most of the time, and then died from the injury; and that no witness saw the accident, and nothing more was shown in regard to the cause of it. *Held,* that it could not be ruled, as matter of law, that the burden of showing that the injuries to the assured resulted from some of the causes specified in the conditions of the policy as not within the insurance, was sustained by the defendant, but that it was a question for the jury.

CONTRACT, upon a policy of insurance against accident, issued by the defendant to William A. Anthony, and payable to the plaintiff, who was his widow. At the trial in the Superior Court, before *Braley,* J., the jury returned a verdict for the plaintiff; and the judge, at the request of the parties, reported the case for the determination of this court. If the case should have been submitted to the jury, judgment was to be entered on the verdict; otherwise, judgment was to be entered for the defendant. The facts appear in the opinion.

*E. Avery & A. E. Avery,* for the defendant.

*A. N. Lincoln,* for the plaintiff.

KNOWLTON, J. The plaintiff claims under a policy of insurance, whereby the defendant promised to pay her five thousand dollars on proof of the death of her husband, William

A. Anthony, from "bodily injuries effected through external, violent, and accidental means, within the intent and meaning of the conditions" recited therein. The testimony in regard to the material facts was uncontradicted. William A. Anthony was a passenger on a train on the Colorado and Midland Railroad. He was seen in his usual health in one of the cars of the train late in the evening of September 3, 1891, just before it reached Granite, Colorado, which was a station at which trains were accustomed to stop. He had a ticket for Denver, a place to which the train was going. The train stopped at Granite to take the mail. The night was dark, and there was no light on the platform at the station. The train started slowly, and when it had gone not more than thirty to fifty feet he was discovered on the ground between the platform and the nearest rail of the track, with his legs crushed by the wheels of one of the trucks which had passed over them. He survived about four hours, being unconscious most of the time, and then died from the injury. No witness saw the accident, and nothing more was shown in regard to the cause of it.

The policy contains numerous conditions, which immediately follow the words "Provided always," among which are these: "No claim shall be valid under this certificate when the death or injury may have been caused by duelling, fighting, . . . or when the death or injury may have happened in consequence of war or invasion, or of riding or driving races, or of any voluntary exposure to unnecessary danger, hazard, or perilous adventure. . . . Standing, riding, or being upon the platforms of moving railway coaches other than street cars, or riding in any other place not provided for the transportation of passengers, or entering or attempting to enter or leave any public conveyance using steam as motive power while the same is in motion, . . . are hazards not contemplated or covered by this certificate," etc.

The only question reserved by the report is whether there was evidence to warrant the submission of the case to the jury. This question may be divided into two branches: first, whether the burden of proof is on the defendant, after the plaintiff has shown that the injuries were effected "through external, violent, and accidental means," to show that they resulted from some of the causes specified in the conditions as not within the

insurance, or on the plaintiff to show that they did not; secondly, if the burden of proof is on the defendant, ought the judge to have instructed the jury that the burden was sustained, and that their verdict must be for the defendant.

The question in regard to the burden of proof has been considered and practically decided in previous cases. *Freeman* v. *Travelers' Ins. Co.* 144 Mass. 572. *Coburn* v. *Travelers' Ins. Co.* 145 Mass. 226. *Badenfeld* v. *Massachusetts Accident Association,* 154 Mass. 77. The substance of the contract is to pay if death results from injuries effected through external, violent, and accidental means, with a proviso stating many exceptions, most of which depend upon the subsequent conduct of the insured. While the use of the words " within the intent and meaning of the conditions herein recited " may have been intended to have the same effect as if all the matters contained in the conditions had been written into the sentence descriptive of the risks, and as if the general description of the risks had been in affirmative words which would not include any of these excepted cases, and while there is logical force in the argument that the plaintiff should show affirmatively that his case comes within the terms of the policy by showing that the injury was not from any one of the excepted causes, we are of opinion that practically, and under the general rules of pleading, it is better to hold that the plaintiff is not bound to allege or prove that his is not one of the cases to which the insurance does not apply. These cases, in whatever language they may be stated, are in the nature of exceptions under an affirmation previously stated in general terms. In this respect there is no good ground of distinction between the present case and *Freeman* v. *Travelers' Ins. Co.* and *Coburn* v. *Travelers' Ins. Co.,* cited above.

There can hardly be any doubt that the death of the insured was the result of accident. The burden being on the defendant to prove that it was from one of the excepted causes, the question remains whether the jury should have been instructed, as matter of law, that the burden was sustained. It is not often, where a party has the burden of proving a fact by the testimony of witnesses, that the jury can be required by the court to say that the fact is proved. They may disbelieve the witnesses. If the conclusion is to be reached by drawing inferences of fact

from other facts agreed, ordinarily the jury alone can draw these inferences; it is only when no inferences are possible except those which lead to one conclusion that the jury can be required to find a proposition affirmatively established.

In the present case it cannot be said, as matter of law, that death was the result " of any voluntary exposure to unnecessary danger " within the meaning of these words as explained in *Keene* v. *New England Accident Association*, 161 Mass. 149. See also *Badenfeld* v. *Massachusetts Accident Association*, 154 Mass. 77. The circumstances point strongly to an inference that the deceased was " standing, riding, or being " on the platform of one of the cars, or entering or attempting to enter or leave a car while it was in motion. But we cannot say, as matter of law, that the jury were bound to draw this inference of fact. It is conceivable that, while walking on the unlighted platform as the car was about to start, he accidentally fell between the platform and the rail, or in some way was accidentally or intentionally pushed or thrown down. If the burden were on the plaintiff in this branch of the case, a verdict for the defendant might well be directed, but we are of opinion that the principal question before the court at the trial was one of fact, and not of law.                          *Judgment on the verdict.*