## JENS PAULSEN v. MODERN WOODMEN OF AMERICA.

### (130 N. W. 231.)

**Pleading — Amendment of Answer — Life Insurance — Suicide — Discretion — New Defense.**

1. In an action to recover on a beneficiary certificate, the sole issue was whether the insured committed suicide, which, under the terms of the insurance contract, exonerated the defendant society from liability. After the case was called for trial in the district court, defendant asked leave to amend its answer by alleging an additional and new defense predicated upon alleged fraud and breach of warranty on the part of the insured in effecting such insurance.

*Held,* for reasons stated in the opinion, that it was not an abuse of discretion to deny such motion.

**Pleading — Amendment — Discretion.**

2. Trial courts are vested with a broad discretion in the matter of permitting or refusing amendments to pleadings, especially where, as in the case at bar, the proposed amendment, if granted, would necessitate a continuance of the cause over a term.

Note.—Presumption as to suicide, see note in 35 L.R.A. 263.

**Life Insurance — Suicide — Question for Jury — Directed Verdict.**

3. It is stipulated as a fact that the insured came to his death by means of strychnine poisoning, but whether such strychnine was administered by deceased, and, if so, whether the same was thus administered with suicidal intent, is left to mere inference by the testimony, and was a question of fact for the jury, and not a question of law for the court to decide. It is accordingly held that the trial court properly denied defendant's motion for a directed verdict.

**Life Insurance — Suicide — Evidence — Presumption — Burden of Proof.**

4. The law presumes that the insured did not commit suicide, but that the strychnine was administered through accident or mistake, and the burden of proof is upon defendant to overcome such presumption.

**Trial — Question for Jury.**

5. Where a fact in issue rests solely upon inferences to be deduced from other facts, and it can be said that reasonable men might fairly differ as to the inferences to be deduced from all the circumstances disclosed, it is a proper case for the jury.

**Appeal and Error — New Trial.**

6. An appeal from a judgment alone is ineffectual to bring up for review an order made subsequent to judgment denying a new trial.

**Instructions — Exception — Review.**

7. Instructions not excepted to cannot be reviewed. The designation by counsel of certain portions of proposed instructions submitted to them pursuant to the provisions of § 7021, Rev. Codes 1905, is not equivalent to the taking of exceptions, as required in the following section.

Opinion filed February 10, 1911.

Appeal from District Court, Cass county, *Chas. A. Pollock,* J.

Action by Jens Paulsen against Modern Woodmen of America, judgment in favor of plaintiff, defendant appeals.

Affirmed.

*Benjamin D. Smith* and *V. R. Lovell,* for appellant.

Amendments should be allowed to save rights and advance justice. Coghlin v. Stetson, 22 Blatchf. 88, 19 Fed. 727; Conner v. Smith, 74 Ala. 115; Miller v. Metzger, 16 Ill. 390; Trego v. Lewis, 58 Pa. 463; Newberg v. Farmer, 1 Wash. Terr. 183; Milch v. Westchester F. Ins. Co. 13 Misc. 231, 34 N. Y. Supp. 15; Union Bank v. Ridgley, 1 Harr. & G. 324.

Breach of warranty in application for life insurance is a valid de-

fense.  3 Cooley, Briefs on Insurance, 1950, and cases cited; Bacon, Ben. Soc. § 197; McDermott v. Modern Woodmen, 97 Mo. App. 636, '71 S. W. 833; Modern Woodmen v. Van Wald, 6 Kan. App. 231, 49 Pac. 782; Baumgart v. Modern Woodmen, 85 Wis. 546, 55 N. W. '713; Genrow v. Modern Woodmen, 151 Mich. 250, 114 N. W. 1009.

Suicide as a defense to a claim for insurance may be shown by circumstantial evidence.  Sovereign Camp, W. W. v. Haller, 24 Ind. App. 108, 56 N. E. 255; Germania L. Ins. Co. v. Ross-Lewin, 24 Colo. 43, 65 Am. St. Rep. 215, 51 Pac. 488; Brignac v. Pacific Mut. L. Ins. Co. 112 La. 574, 66 L.R.A. 322, 36 So. 599; Supreme Tent, K. M. v. King, 73 C. C. A. 668, 142 Fed. 678; Lindahl v. Supreme Court, I. O. F. 100 Minn. 87, 8 L.R.A.(N.S.) 916, 117 Am. St. Rep. 666, 110 N. W. 358.

May be shown by a fair preponderance of the evidence.  Kerr v. Modern Woodmen, 54 C. C. A. 655, 117 Fed. 593; Sharland v. Washington L. Ins. Co. 41 C. C. A. 307, 101 Fed. 206; Brown v. Sun L. Ins. Co. — Tenn. —, 51 L.R.A. 252, 57 S. W. 415; Knights of Pythias v. Steele, 107 Tenn. 1, 63 S. W. 1126; Bachmeyer v. Mutual Reserve Fund Life Asso. 87 Wis. 325, 58 N. W. 399; Agen v. Metropolitan L. Ins. Co. 105 Wis. 217, 76 Am. St. Rep. 905, 80 N. W. 1020; Pagett v. Connecticut Mut. L. Ins. Co. 55 App. Div. 628, 66 N. Y. Supp. 804; Johns v. Northwestern Mut. Relief Asso. 90 Wis. 332, 41 L.R.A. 587, 63 N. W. 276; Sovereign Camp, W. W. v. Hruby, 70 Neb. 5, 96 N. W. 998; 1 Greenl. Ev. § 13a.

The presumption against death is a rebuttable one.  Agen v. Metropolitan L. Ins. Co. 105 Wis. 217, 76 Am. St. Rep. 905, 80 N. W. 1020; White v. Prudential Ins. Co. 120 App. Div. 260, 105 N. Y. Supp. 87; Supreme Tent, K. M. v. King, 73 C. C. A. 668, 142 Fed. 678; Travellers' Ins. Co. v. McConkey, 127 U. S. 661, 32 L. ed. 308, 8 Sup. Ct. Rep. 1360; Somerville v. Knights Templars & M. Life Indemnity Asso. 11 App. D. C. 417; Johns v. Northwestern Mut. Relief Asso. 90 Wis. 332, 41 L.R.A. 587, 63 N. W. 276; Sackberger v. National Grand Lodge, I. O. T. L. 73 Mo. App. 38; Clement v. Clement, 113 Tenn. 40, 81 S. W. 1249; Cooley, Briefs on Insurance, 3256; Hardinger v. Modern Brotherhood, 72 Neb. 860, 101 N. W. 983, 103 N. W. 74; Clemens v. Royal Neighbors, 14 N. D. 116, 103 N. W. 402, 8 A. & E. Ann. Cas. 1111.

A verdict based upon conjecture or mere possibility cannot stand. Sovereign Camp, W. W. v. Haller, 24 Ind. App. 108, 56 N. E. 255; Sovereign Camp W. W. v. Hruby, 70 Neb. 5, 96 N. W. 998; Agen v. Metropolitan L. Ins. Co. 105 Wis. 217, 76 Am. St. Rep. 905, 80 N. W. 1020; Leisenberg v. State, 60 Neb. 628, 84 N. W. 6, 14 Am. Crim. Rep. 193.

If permitted to stand, it will be reversed on appeal. Sovereign Camp, W. W. v. Haller, 24 Ind. App. 108, 56 N. E. 255; Agen v. Metropolitan L. Ins. Co. 105 Wis. 217, 76 Am. St. Rep. 905, 80 N. W. 1020; Pagett v. Connecticut Mut. L. Ins. Co. 55 App. Div. 628, 66 N. Y. Supp. 804; Inghram v. National Union, 103 Iowa, 395, 72 N. W. 559; Supreme Lodge, K. H. v. Fletcher, 78 Miss. 377, 28 So. 872, 29 So. 523; Johns v. Northwestern Mut. Relief Asso. 90 Wis. 332, 41 L.R.A. 587, 63 N. W. 276; Sovereign Camp, W. W. v. Hruby, 70 Neb. 5, 96 N. W. 998; Supreme Tent, K. M. v. King, 73 C. C. A. 668, 142 Fed. 678; Zearfoss v. Switchmen's Union, 102 Minn. 56, 112 N. W. 1044; Germania L. Ins. Co. v. Ross-Lewin, 24 Colo. 43, 65 Am. St. Rep. 215, 51 Pac. 488; White v. Prudential Ins. Co. 120 App. Div. 260, 105 N. Y. Supp. 87; Mutual L. Ins. Co. v. Hayward, —Tex. Civ. App. —, 27 S. W. 36; Sovereign Camp, W. W. v. Thiebaud, 65 Kan. 332, 69 Pac. 348.

*Engerud, Holt & Frame,* for respondents.

What inference shall be deduced from circumstantial evidence is for the jury, not the court. Stevens v. Continental Casualty Co. 12 N. D. 463, 97 N. W. 862; Knights Templars & M. Life Indemnity Co. v. Crayton, 209 Ill. 550, 70 N. E. 1066; Courtemanche v. Supreme Court, I. O. F. 136 Mich. 30, 64 L.R.A. 668, 112 Am. St. Rep. 345, 98 N. W. 749; Accident Ins. Co. v. Bennett, 90 Tenn. 256, 25 Am. St. Rep. 685, 16 S. W. 723; Dischner v. Piqua Mut. Aid & Acci. Asso. 14 S. D. 436, 85 N. W. 999; Ætna L. Ins. Co. v. Kaiser, 115 Ky. 539, 74 S. W. 203; Hale v. Life Indemnity & Invest. Co. 61 Minn. 516, 52 Am. St. Rep. 616, 63 N. W. 1108; Harms v. Metropolitan L. Ins. Co. 67 App. Div. 139, 73 N. Y. Supp. 513; Goldschmidt v. Mutual L. Ins. Co. 35 N. Y. S. R. 121, 12 N. Y. Supp. 866; Penfold v. Universal L. Ins. Co. 85 N. Y. 317, 39 Am. Rep. 660.

Presumption is against suicide; and circumstances must be suffi-

ciently strong to overcome it. Clemens v. Royal Neighbors, 14 N. D. 116, 103 N. W. 402, 8 A. & E. Ann. Cas. 1111; Modern Woodmen v. Kozak, 63 Neb. 146, 88 N. W. 248; Leman v. Manhattan L. Ins. Co. 46 La. Ann. 1189, 24 L.R.A. 589, 49 Am. St. Rep. 348, 15 So. 388; Travellers' Ins. Co. v. McConkey, 127 U. S. 661, 32 L. ed. 308, 8 Sup. Ct. Rep. 1360; Travellers' Ins. Co. v. Nitterhouse, 11 Ind. App. 155, 38 N. E. 1110.

Suicide must be intentional self-destruction. Penfold v. Universal L. Ins. Co. 85 N. Y. 317, 39 Am. Rep. 660.

FISK, J. This is an appeal from a judgment of the district court of Cass county. The action was brought to recover the sum of $2,000 and interest claimed to be due plaintiff under a beneficiary certificate issued by defendant to one Soren Peter Paulsen in due form in the year 1906; and at the time of the death of said Paulsen, which took place on May 16, 1907, the plaintiff was the beneficiary named in such certificate. The complaint is in the usual form, alleging the issuance of such beneficiary certificate, wherein and whereby defendant promised and agreed, in consideration of the payment of certain dues and assessments by said Paulsen to defendant, to pay to the beneficiary named therein in the event of the death of said Paulsen while a member of said defendant society in good standing, the sum of $2,000, upon the presentation to it of proofs of the death of the insured; that the said insured during his life complied with all conditions and requirements of such contract on his part to be kept and performed and that in due time proofs of death were duly made to the defendant, but that it refuses to pay to the plaintiff, as beneficiary, any part of the sum thus agreed to be paid by the terms of such contract of insurance.

The answer admits the issuance of the benefit certificate mentioned in the complaint, as therein alleged. The answer then alleges that its by-laws and application for membership form a part of such contract of insurance, and that § 65 of its by-laws provides: "If any member of this society, holding a benefit certificate heretofore or hereafter issued, shall, within three years after becoming a beneficial member of this society, die by his own hand, except by accident, whether sane or

insane, . . . his benefit certificate shall thereby become null and void, . . ."

The answer then alleges, "that, within three years after becoming a beneficial member of this society, he, the said Soren P. Paulsen, came to his death by his own hand; that is to say, his death was caused by strychnine administered by his own hand, and not by accident; and he thereby did end his life, by reason whereof the said benefit certificate herein sued on became absolutely null and void, and this defendant was thereby released from any and all liability thereon."

It will thus be seen that the sole issue was whether the insured committed suicide. The facts are practically all stipulated. At the trial plaintiff offered in evidence the benefit certificate, together with the application therefor; also those portions of the stipulated facts showing the death of Soren P. Paulsen, as alleged, and that due proofs of death were submitted to defendant by plaintiff, and rested. Whereupon defendant offered in evidence the entire stipulations of fact, and rested. Whereupon both parties moved for a directed verdict, and each motion was denied and the cause submitted to the jury pursuant to written instructions of the trial judge, and a verdict returned in plaintiff's favor for the amount prayed for in the complaint. Thereafter, and on December 10, 1908, judgment was duly rendered and given in plaintiff's favor on such verdict, from which judgment defendant appeals.

Appellant assigns error as follows:

(1) The court erred in refusing to permit the defendant to serve and file amended answer setting up the second affirmative ground for defense.

(2) The court erred in refusing to grant defendant's motion to postpone the case over the term.

(3) The court erred in denying defendant's motion to instruct the jury to return a verdict in its behalf.

(4) The court erred in submitting the case to the jury for determination.

(5) The court erred in overruling defendant's motion for a new trial.

(6) The court erred in instructing the jury: "If you conclude from the evidence that Paulsen knowingly swallowed the strychnine,

then you must determine from the evidence whether he took it knowing it to be poison, and with the intent to end his life. If he swallowed the poison by mistake, or if he took an overdose by mistake, then it would not be suicide or self-destruction within the meaning of this contract of insurance."

Respondent, by way of a preliminary motion, has raised several practice questions, and counsel have stipulated that such preliminary motion may be submitted with the merits of the cause. In view of the conclusion reached on the merits, we shall not take the time necessary to a decision of the practice questions raised by such motion, as it would serve no useful purpose at this time.

Appellant's first two assignments of error may be considered together, as they relate to the ruling of the court in denying leave to amend the answer and continue the case over the term. We are entirely clear that these assignments are without merit. Concededly a continuance was necessary, but only necessary in the event an amendment to the answer, as prayed for, was permitted. The proposed amendment would introduce a wholly new defense. The motion was not made until about the time the case was called for trial. Furthermore, no sufficient excuse was offered for the failure to plead such new defense in its original answer, or for its delay in moving to amend after acquiring knowledge of the facts constituting its alleged new defense. The affidavit on which such motion was based reveals the fact of such knowledge on defendant's part for at least several months before the trial. Diligence in making such motion was essential, and the apparent lack of such diligence, together with the want of any valid excuse therefor, was alone sufficient to warrant the ruling complained of. The contention that such delay was excused by the conduct of plaintiff's counsel is not tenable. The utmost that can properly be claimed is that the letter written by plaintiff's attorney furnished a valid excuse for a portion of such delay. Moreover, a conclusive answer to appellant's contention is the fact that the affidavit used as a basis for the motion, in so far as it purports to set forth facts in support of the additional defense of fraud and breach of warranty, is upon information and belief merely, without any attempt to state the sources of such information or belief; nor is it shown with any degree of certainty that the depositions of the wit-

21 N. D.—16.

nesses, if taken, would prove or tend to prove the new defense sought to be pleaded. In the light of such showing, we decline to hold that the trial court abused the discretion vested in it in such cases. It is firmly settled that such discretion is very broad, and its exercise will not be interfered with except in a clear case of an abuse thereof.

This brings us to appellant's third assignment, which is predicated upon the ruling denying its motion for a directed verdict.

Under the issues as narrowed by the stipulations but one controverted question remained for determination, viz.: Did the insured commit suicide by intentionally taking strychnine, or was it a case of accidental poisoning? That deceased came to his death by strychnine poisoning is expressly stipulated as a fact, but there is no direct proof as to how, why, or with what intent, such poison was administered, or by whom the same was administered. All these important matters are left wholly to inference from the circumstances surrounding Paulsen's death, as disclosed in the record. Briefly stated the circumstances are these: On the evening preceding his death, deceased was arrested at his cabin, which located in a canyon in the Gallatin basin, Montana. Such arrest was made by one Ferguson, a deputy game warden of Gallatin county, and one Sales, undersheriff of said county. The cause for such arrest is not stated, but presumably it was for infraction of the game laws of Montana. What took place after the arrest was narrated by the witnesses at the coroner's inquest, in substance, as follows: The officers, together with Paulsen and one Bartholomew, started down the canyon, and, after driving a short distance, Paulsen was required to alight from the vehicle, and his pockets and person were searched by the deputy game warden, and he found nothing except some elks' teeth, and he testified that if he had any strychnine it must have been concealed in his shoes. They then continued their journey to Burrows's place, where they had supper, and about 10:30 the officers and Paulsen went to bed in a room containing two beds, the officers sleeping in one bed and Paulsen in the other bed, just across, but in reach of them. Paulsen ate a big supper, and was apparently in good spirits during the evening. About one and a half hours after retiring, Ferguson was awakened by moans, and found Paulsen in convulsions. He asked him what was the matter, and he couldn't get very much information from him,

but Paulsen said it would be all right pretty soon.  On being asked if it was pleurisy that was paining him he answered, "Yes."  These convulsions continued at brief intervals until about 1:30 o'clock the next morning, when he died.  During one of the convulsions, he requested Bartholomew to "put a bullet through me, please," and then asked for a drink of water.  The witness Bartholomew had been acquainted with Paulsen for some time prior thereto, and testified that he seemed to be contented and quite happy, and never had said anything about committing suicide.  After the body was removed, a vial containing strychnine was found under the bed occupied by Paulsen.

As before stated, the only evidence offered consisted of the stipulations and the written testimony taken at the coroner's inquest, which testimony was read pursuant to stipulation.  The vital question is, therefore, whether, as appellant contends, the circumstances conclusively established suicide as a matter of law.  If this question must be answered in the affirmative, it follows as a necessary conclusion that the court erred in submitting the case to the jury.  In deciding this question we are controlled by certain well-established rules.  The presumption is that Paulsen did not commit suicide, but that the strychnine was administered through accident or mistake.  Soules v. Brotherhood of American Yeoman, 19 N. D. 23, 120 N. W. 760; Clemens v. Royal Neighbors, 14 N. D. 116, 103 N. W. 402, 8 A. & E. Ann. Cas. 1111; Stevens v. Continental Casualty Co. 12 N. D. 463, 97 N. W. 862, and cases cited.  And the burden is on defendant to overcome such presumption.  Ordinarily the question of what inferences are deducible from the evidence is peculiarly a question for the jury, and it is only in rare instances that the court is justified in determining such question as a matter of law.  If it can be said that reasonable men may fairly differ as to the inferences to be deduced from all the circumstances disclosed, it is a proper case for the jury. Stevens v. Continental Casualty Co. supra.

As said by the supreme judicial court of Massachusetts, "It is not often, where a party has the burden of proving a fact by the testimony of witnesses, that the jury can be required by the court to say that the fact is proved.  They may disbelieve the witnesses.  If the conclusion is to be reached by drawing inferences of fact from other facts agreed, ordinarily the jury alone can draw these inferences; it

is only when no inferences are possible, except those which lead to one conclusion, that the jury can be required to find a proposition affirmatively established." Anthony v. Mercantile Mut. Acci. Asso. 162 Mass. 354, 26 L.R.A. 406, 44 Am. St. Rep. 367, 38 N. E. 973.

Applying the foregoing rules or tests to the facts in the case at bar, we are constrained to hold, as did the trial court, that the question was one of fact for the jury, and not one of law for the court to decide. While, if we were the triers of the facts, our decision might have been contrary to that of the jury, we are not prepared to say that but one conclusion or inference could properly be duduced from the facts. This being true, our duty is plain under the law. See authorities above cited.

Appellant's fourth assignment presents the same point as the preceding assignment.

The fifth assignment challenges the correctness of the order denying defendant's motion for a new trial. Such ruling is not properly before us for review, for the manifest reason that such order was made long after judgment, and the appeal is from the judgment alone. It needs no argument in support of the proposition that an appeal from the judgment is ineffectual to bring up for review orders made subsequent to such judgment. This court has expressly settled this question in this state. Hedderich v. Hedderich, 18 N. D. 488, 123 N. W. 276.

The next and last assignment of error challenges the correctness of a certain portion of the instructions to the jury. We are powerless to consider this assignment, for the obvious reason that no exception was taken to the giving of the instruction complained of. Appellant evidently proceeded upon the theory that where, pursuant to the provisions of § 7021, Rev. Codes 1905, the trial court requires counsel to designate the parts of the proposed instructions which he deems improper or objectionable, and counsel designates such objections accordingly, that this is equivalent to taking an exception to the giving of such instructions. The statute is not susceptible of such a construction. That portion of § 7021 applicable to the point here under consideration reads as follows: "The court may  .  .  .  submit the written instructions, which it proposes to give  .  .  . , to counsel  .  .  .  for examination, and require such counsel, after a reasonable examination there-

of, to designate such parts thereof as he may deem objectionable; and such counsel must thereupon designate such parts of such instructions as he may deem improper, *and thereafter only such parts so designated shall be excepted to* by the counsel so designating the same." The portion of the statute which we have italized clearly contemplates that exceptions shall be preserved as provided in the next section, and that the only objects which the legislature had in view were to enable the court to become apprised of the portion of the proposed instructions which were deemed objectionable, and to restrict counsel, in filing exceptions, to the portions of the instructions thus designated as objectionable. For the above reasons it would be improper to express any opinion as to the correctness of the instruction thus challenged.

This disposes of all of the assignments, and, finding no error, the judgment appealed from is affirmed.

All concur, except MORGAN, Ch. J., not participating.