JAMES HRABEK, Respondent, v. JOSEPH PATOCKA, Appellant.

(194 N. W. 691.)

**Appeal and error — objections to instructions referring to four separate paragraphs on four different subjects held too general for assignment of error thereupon.**

In an action for assault and battery where defendant inflicted upon plaintiff a serious injury with a club, it is *held*, for reasons stated in the opinion:

1. Where written instructions were submitted to counsel before the close of the case, an objection, which was made to four distinct and separate paragraphs thereof upon four different subjects and which wholly failed to specifically direct the attention of the trial court to an error, now asserted upon appeal, in one of such paragraphs of the instructions, although otherwise specifically it directed the court's attention to another paragraph thereof, is too general for the assignment of error thereupon.

**Appeal and error — rejection of testimony and offers of proof concerning anterior provocative acts of plaintiff to disprove or minimize malice held not prejudicial.**

2. That the rejection if testimony and offers of proof concerning anterior provocative acts of plaintiff, made to disprove or minimize malice was, under the circumstances, not prejudicial.

Opinion filed June 23, 1923. Rehearing denied July 24, 1923.

Appeal and Error, 3 C. J. § 752 p. 846 n. 76; 4 C. J. § 2986 p. 1004 n. 63; Trial, 38 Cyc. p. 179 6 n. 49.

---

Note.—While the authorities do not appear to be in accord as respects compensatory damages, it seems to be well settled that acts or words of provocation may be shown in mitigation of exemplary or punitive damages, provided they are of recent occurrence, and connected with the assault, as will be seen by an examination of the cases collated in a note in 16 A.L.R. 816.

In District Court, Walsh County, *Burr, J.*
Civil action for assault and battery.
Plaintiff received verdict for $8,307.
Defendant has appealed from the judgment.
Affirmed.
*H. C. DePuy,* for appellant.
*T. I. Dahl* and *Nevin & Greenberg,* for respondent.

## Statement.

BRONSON, Ch. J.   This is an action for assault and battery.   In the complaint defendant demanded damages aggregating $25,750.   Defendant interposed a general denial.   The jury returned a verdict for $7,307, actual damages, and $1,000, exemplary damages.   Defendant has appealed from the judgment.

The facts are:  Defendant, aged 45, a farmer, resided at Pisek, North Dakota, for many years.   Plaintiff, aged 45, married, came to Pisek in 1919.   There he was a cobbler.   The plaintiff served in the United States army during the World War and was in France.   Both the plaintiff and the defendant gave their testimony in the Czecho-Slovakia language through an interpreter.   Defendant, called as a witness by the plaintiff under the statute, testified:   On April 14th, 1922, he was putting his horses in his barn; he saw plaintiff more than a block away; plaintiff was carrying a pail of milk and a sack of salt; defendant ran out of his yard toward plaintiff; out of a woodpile of willow he picked up, as he ran, a stick about $6\frac{1}{2}$ feet long and the size of a fork handle; he yelled at plaintiff when he was about 20 feet from him; he called that he wanted to see plaintiff about why he wanted to smash defendant's head; they met on the sidewalk near the crossing adjacent to defendant's home; plaintiff made no answer; he set the salt and the milk on the ground, raised his hands and walked toward defendant; he hit plaintiff on the head with the stick, twice; the second blow knocked plaintiff down.   Otherwise he testified that he ran, picked up the wood, and when he came toward plaintiff, plaintiff turned toward him and he hit; he left plaintiff lying on the ground, went back to the barn and then went to the telephone office to inform a party to take a look at plaintiff because he had hit him; defendant was nervous and

did not feel good; the way plaintiff was approaching him he might take the stick away from him so defendant hit him. Otherwise, the defendant did not testify in his defense excepting that he was called for purposes of making certain offers of proof.

Plaintiff testified: On April 14th, 1922, plaintiff was repairing shoes and in the evening went after milk; in his course he followed the sidewalks because it was muddy; he went by defendant's house; he got some milk and also bought some salt; he started home on the sidewalk passing by defendant's house; he did not see nor talk with defendant; he went by defendant's house but does not remember how far he got beyond; he does not know what happened to him and his next remembrance is when he talked to his wife some time afterwards at home.

A young lady testified that she saw defendant strike plaintiff with a stick; plaintiff fell to the ground; defendant ran away; later she saw defendant going up town; she screamed and called for help; then she called a doctor at Park River; she saw one blow struck; the place was on the crosswalk near defendant's house.

Another lady testified that she saw defendant running with something like a stick in his hand to the place where plaintiff was; she saw him hit plaintiff twice; he struck plaintiff, who then fell down; then he struck him once more; she saw a pail fall out of the plaintiff's hand.

The wife of defendant testified that on this day of the assault her husband had a nervous spell; that the night before he did not sleep; in the afternoon he went out to work around the barn; toward evening she saw her husband running by the window with a stick; there was an iron fence around defendant's house; this willow woodpile was outside the fence; she saw plaintiff lying on the ground; she took a wet towel and a wash dish; then she went over to plaintiff and laid the towel on his head; her husband came back about three quarters of an hour later.

The doctor, who had plaintiff under his care from the day of the assault until December 7th, 1922, testified: There were two lacerations in plaintiff's head; when he saw plaintiff he was unconscious and remained so for about three or four days; on the 5th day plaintiff became semi-conscious and remained so for about two weeks; a fracture of the skull was sustained; one ear-drum was broken; concussion of the brain occurred; the seventh and eighth cranial nerves were injured; as a result plaintiff sustained the loss of hearing in one ear; he has facial

49 N. D.—71.

paralysis on the left side; these conditions affect plaintiff's balance so that he walks with difficulty; he staggers at times and is dizzy; his opinion is that plaintiff never will make a full recovery; these conditions further have affected his left leg and his entire left side.

Another doctor called in consultation testified to the same effect. He also gave some testimony to the effect that the plaintiff might die within a year from a brain abscess; that plaintiff has a ruptured drum of the ear and is deaf on the left side; that the left side of his face is paralyzed and there is an impediment in his walk due to the paralysis which condition is permanent. There was also testimony to the effect that plaintiff was previously a healthy man. That during the war he performed the services of a soldier in active training and, three years previously, he had passed an examination for life insurance.

During the course of the trial the wife of defendant was asked whether she knew of any trouble between plaintiff and defendant; of any disagreement or dispute between them over wages; whether she had heard of any threats made by plaintiff against her husband which she had told her husband immediately prior to the time of the assault. Defendant also offered to prove that plaintiff was a quarrelsome man and that his general reputation was such; that plaintiff told defendant shortly before the time of the assault that he, plaintiff, was a man of violent temper and unable to control himself when in anger; that on two occasions shortly before the alleged assault plaintiff swore at defendant and made threats and gestures towards him; that some two weeks previous to the assault plaintiff made statements in the presence of others concerning troubles over money matters with defendant and that if settlement was not made in a friendly way it would be settled with fists; that such statement was communicated to defendant; that on the day just prior to the time of the assault plaintiff walked past defendant's residence and made angry grimaces towards the residence of defendant and at the same time carried his hands in his pockets in the manner one would carry them if he had hold of a pistol inside of his pocket; that defendant, shortly before the time of the assault, had been informed that plaintiff was of such a vindictive disposition that he would be liable to burn defendant's buildings or other property and that defendant believed this to be probable; that such things preyed upon the mind of defendant and caused him to have great fear of bodily

injury at plaintiff's hands; that defendant is a man of natural, peaceable temperament and of good general reputation. The above questions and offers were rejected by the trial court upon the ground that under the testimony by defendant himself he was in no danger from acts of plaintiff at the time of the assault since he sought out and ran after plaintiff with a club, and, further, that at the time plaintiff was rightfully upon the street without any showing of misconduct then by plaintiff; that otherwise he had received testimony for purposes of showing defendant's mental condition and attitude. This testimony was offered to disprove malice, in mitigation of damages, and to show that the acts mentioned so preyed upon defendant's mind as to cause him to have great fear of bodily injury at plaintiff's hands. Defendant contends that the trial court erred in rejecting such proffered evidence and offers.

The instructions of the trial court were reduced to writing and submitted to counsel before the close of the case. In the instructions the trial court charged the jury to the effect that the jury might take into consideration the plaintiff's normal expectancy of twenty-three years to aid them in calculating how much would compensate him for permanent injuries and that they might multiply his annual loss by this expectancy of twenty-three years. Defendant filed a general written objection to four separate and distinct paragraphs of the instructions covering four different subjects, one of which included the instruction above stated. In this objection defendant specifically pointed out his objection to one of such instructions but failed in any manner to call the attention of the trial court specifically to any error in the instruction above stated. Defendant now contends that the trial court erred in such instruction for the reason that the same did not require the jury to ascertain the present worth of plaintiff's annual loss during the period of his expectancy of life.

## Decision.

The record discloses the commission of a wanton and wilful assault. While plaintiff was peacefully performing a domestic task, and wending his way homeward at the conclusion of a day's work, defendant, observing him pass without his yard, seized a stick and ran after him; at the time plaintiff was proceeding upon a public sidewalk and high-

way which ran past defendant's home. Defendant, about a block away while at his barn some little distance remote from the sidewalk where plaintiff was walking, left his work and deliberately, so far as the record discloses, seized a club from a woodpile in front of his yard and started to apprehend plaintiff. He caught up with the plaintiff at a place where plaintiff was past defendant's home and was walking away therefrom. The deliberate and wanton character of the assault is admitted by defendant himself. Through his own testimony he offers no acts, threats or conduct on the part of the plaintiff occurring at any time prior to the assault on this day that in any manner justified or mitigated the deliberate act of assault committed by him. The plaintiff has been seriously injured. Under the circumstances as disclosed by this record the verdict of the jury is moderate. In no manner is it claimed by defendant that this verdict is excessive.

The instruction above mentioned was erroneous because it did not prescribe the ascertainment of the present worth of an annual loss for 23 years. It is evident that this instruction which left out of consideration the element of interest in ascertaining present worth was merely a lapsus linguæ, in dictation, which would have been promptly corrected if the court's attention had been directed thereto. The objection made by defendant was entirely too general, referring as it did to four distinct and separate paragraphs of the instructions upon four different subjects. Pease v. McGill, 17 N. D. 166, 115 N. W. 260; 38 Cyc. 1796. We are clearly of the opinion that defendant is not now in a position to predicate error thereupon. Furthermore, it is not apparent that such instruction was prejudicial in view of the expenses, the suffering and loss sustained by plaintiff considered in connection with the amount of the verdict for actual damages rendered.

The consideration of the various offers of proof and of evidence presents a more serious question. The acts and conduct of the plaintiff, so connected with the time and the performance of an alleged assault as to induce a presumption that they were provocative of defendant's passion and excitement continuing and existing at the time of the assault, are often properly admissible to disprove or minimize malice. 5 C. J. 676, 678, note in 16 A.L.R. 816. Their admissibility is somewhat determinable through their close connection with the facts and circumstances of the alleged assault. They may not be received mere-

ly for the purpose of proving grounds for malice and of justifying the malice that consequently resulted. Their admissibility must be considered in connection with the particular facts of the case. In this case, some of the offers made are very general with reference to the time of, and concerning their connection with, the assault. The trial court indicated that he had permitted introduction of testimony to show the mental attitude or condition of plaintiff's mind. From the record it must be noted that the defendant in his testimony or otherwise does not show a single circumstance of any act or conduct that could be construed as a threat or as a menace to defendant or his property at the time of this assault. In no manner does he seek to explain by his testimony his deliberate act of seizing a club and running after the plaintiff over a block away. For instance, the offer made to prove that plaintiff went by defendant's home and made angry grimaces at his residence in no manner contained the element of proof that this act, if true, was seen by or communicated to the defendant or that he was provoked thereby. No overt act of plaintiff at the time of this assault is shown which in any manner served to establish that defendant was placed in a position of fear or in such mental condition or excitement that could not have been controlled in the absence of malice. See Cummins v. Crawford, 88 Ill. 312, 30 Am. Rep. 558, 561; State v. Lehman, 44 N. D. 572, 583, 175 N. W. 736. The proof offered concerning plaintiff's disposition and character would afford a reason for avoiding, not for soliciting an assault, in the absence of malice. The outstanding feature upon this record was that this assault was solicited by the defendant. Plaintiff testified that he did not even see the defendant at the time of the assault. In view of the fact that defendant in his own behalf offered no testimony to show overt acts or menacing conduct by plaintiff at the time of the assault and of his own mental condition aroused to action through a series of provocative acts as enumerated in the offered testimony, we are of the opinion that the rejection of this proffered testimony may not be considered prejudicial error. The verdict for exemplary damages was $1,000. It might readily have been for a much larger amount considering the deliberate character of the assault. Upon the entire record we are satisfied that the learned trial court accorded to defendant a fair trial. The judgment is affirmed with costs.

CHRISTIANSON, BIRDZELL, NUESSLE, and JOHNSON, JJ., concur.

BRONSON, Ch. J. (upon petition for rehearing). Defendant, in his petition, complains that the court has misunderstood the record and has erroneously treated *objections* to instructions as *exceptions*. At the time when the charge was given to the jury, the record shows a statement by the trial court as follows: "Let the record show that the proposed charge to the jury was submitted to respective counsel on both sides and that they were required to take exceptions thereto in writing and that the only exceptions taken are those that were filed by the court with the clerk.

Sec. 7621, Comp. Laws 1913, provides that all instructions to the jury, whether given in writing or orally, shall be deemed excepted to unless the court, before giving them, asks for exceptions to be noted, in which case all proceedings connected with the taking of exceptions shall be in the absence of the jury and a reasonably sufficient time shall be allowed counsel to take such exceptions. This law was enacted in 1913 and is known as the "Practice Act."

Sec. 7620, Comp. Laws 1913, which was in force many years before the Practice Act was adopted, provides that the court may, in its discretion, submit written instructions to counsel for examination and require such counsel, after a reasonable examination, to designate such parts thereof as he may deem objectionable and each counsel must thereupon designate such parts of such instructions as he may deem improper and thereafter only such parts so designated shall be excepted to by the counsel designating the same. The defendant asserts that the court did not ask for exceptions; that he did submit the instructions and ask for examination thereof; that, pursuant thereto, defendant filed written objections in accordance with said § 7620; that at no time did the trial court mention exceptions excepting at the time when he made the record notation above stated. The objections that defendant made to the instructions are designated objections; but, the record is clear, pursuant to the record statement made by the court, that counsel were required to take exceptions thereto in writing and that the only exceptions taken were those that were filed by the court with the clerk. These included such objections to instructions and also instructions refused.

Defendant cites and relies upon Paulsen v. Modern Woodmen, 21 N. D. 235, 130 N. W. 231. This case was decided in 1911 before the 1913 Practice Act was adopted. Then, exceptions might be taken to instructions within twenty days after their filing. Rev. Codes 1905, § 7022. Now, no exceptions are required unless the court so requests. Comp. Laws 1913, § 7621. We must take the record as it is. If the trial court failed to settle the record in accordance with the facts, defendant had an appropriate and ample remedy by application to this court. Comp. Laws 1913, § 7657; Blood v. Howard, 31 N. D. 602, 154 N. W. 524. The petition for rehearing is denied.

BIRDZELL, JOHNSON, NUESSLE, and CHRISTIANSON, JJ., concur.