In the Matter of the ESTATE of Marius HONERUD, Deceased.

Civ. No. 9721.

Supreme Court of North Dakota.

June 20, 1980.

Rehearing Denied July 17, 1980.

Mack, Moosbrugger, Ohlsen & Dvorak, Grand Forks, for petitioner Kenneth Sanden; argued by Richard A. Ohlsen, Grand Forks.

Conmy, Feste & Bossart, Fargo, for respondents Adeline Sanford and Hermoine Hammargren; argued by Charles A. Feste, Fargo.

PAULSON, Justice.

This is an appeal from an August 21, 1979, judgment of the Cass County District Court, entered pursuant to a jury verdict finding the March 22, 1978, will of Marius Honerud invalid. We affirm.

On April 20, 1978, appellees Adeline Sanford ["Adeline"] and Hermoine Hammargren ["Hermoine"] the daughters of Marius Honerud, filed for probate a will executed by Honerud on October 12, 1973. Five days later, on April 25, 1978, Kenneth Sanden ["Sanden"] filed for probate a will executed by Honerud on March 22, 1978.[1] The validity of the contested will was tried in county court and the county judge determined that the testator, Honerud, lacked testamentary capacity and therefore the county judge found the contested will invalid and admitted the 1973 will of Honerud to probate. Sanden appealed the county court decision to the Cass County District Court. A trial de novo was held in district court before a twelve-person jury and the same issues were litigated as had been litigated in county court.

Section 30.1–15–07 of the North Dakota Century Code provides as follows:

"*Formal testacy proceedings—Burdens in contested cases.* In contested cases, petitioners who seek to establish intestacy have the burden of establishing prima facie proof of death, venue, and heirship. Proponents of a will have the burden of establishing prima facie proof of due execution in all cases, and, if they are also petitioners, prima facie proof of death and venue. Contestants of a will have the burden of establishing lack of testamentary intent or capacity, undue influence, fraud, duress, mistake, revocation, or other cause affecting its validity. Parties have the ultimate burden of persuasion as to matters with respect to which they have the initial burden of proof. If a will is opposed by the petition for probate of a later will revoking the former, it shall be determined first whether the later will is entitled to probate, and if a will is opposed by a petition for a declaration of intestacy, it shall be determined first whether the will is entitled to probate."

1. Throughout this opinion we will interchangeably refer to the 1978 will of Marius Honerud as the "contested will", the "later will", or the "1978 will".

Pursuant to § 30.1–15–07, N.D.C.C., the later, or 1978, will of Marius Honerud was litigated first to determine its validity. Sanden, therefore, was the proponent of the will and carried the burden of establishing prima facie proof of due execution. Adeline and Hermoine, as contestants and opponents of the later will, carried the burden of proving lack of testamentary intent or capacity, undue influence, or fraud. On August 14, 1979, the jury returned a special verdict which determined that Honerud lacked testamentary capacity on March 22, 1978, and that the contested will was obtained by Sanden through fraud and undue influence.

Honerud died at the age of 86 in the Americana Healthcare Center in Fargo on March 25, 1978. He was a lifelong resident of rural Gardner, North Dakota, and since 1940 he had lived on a farm which he had purchased near there. His wife died in 1972 and Honerud had lived alone there since that time.

On March 6, 1978, Honerud was admitted to the Dakota Hospital in Fargo. He was scheduled to undergo surgery, but decided not to have the surgery and withdrew his previous consent. Later the same day he agreed to go forward with the surgery but he was discharged from the hospital until the operation could be rescheduled. He was readmitted to Dakota Hospital on March 14 and on March 15 surgery was performed to remove a cancerous tumor from his lower lip and jaw. On March 21, Honerud was discharged from Dakota Hospital and transferred to the Americana Healthcare Center.

On March 22, 1978, three days prior to Honerud's death, the contested will was allegedly executed. Dora Hanson, who resides in Sanden's home and is a beneficiary under Sanden's will, testified that she had gone to the Americana on March 22 to visit Honerud. She further testified that she left the Americana and was followed by Honerud and, together, they took a cab to downtown Fargo where they met Sanden. Hanson stated that Honerud informed both her and Sanden that he wanted to make a new will leaving his farm and property to Sanden. Hanson also testified that, with pencil and paper, she drafted a will, using as a guide a copy of Sanden's will which was in the glove compartment of Sanden's car. Sanden testified that Honerud read the will and signed it in the presence of Sanden and Hanson as witnesses. Testimony of Hanson and Sanden indicated that about an hour and a half elapsed during which the will was prepared and executed.

The testimony of Hanson and Sanden with reference to the drafting of the 1978 Honerud will was contradicted by much of the evidence in the record. A handwriting expert testified that Honerud's signature appeared to be a "guided hand" signature and that the guiding hand appeared to be the same hand that drafted the body of the will. The expert also testified that the contested will appeared to have been authored under ideal circumstances, such as while seated at a table and that it would be most unusual for such fluid movement to be possible while handwriting in the front seat of an automobile.

Several witnesses who had seen Honerud in the days prior to his death testified that he was extremely disoriented and incoherent and that he tended to wander aimlessly in the nursing home. The testimony of these witnesses, some of whom were nurses who had been in every-day contact with Honerud prior to his death and some of whom were lifelong friends of Honerud, supports the jury determination that Honerud lacked testamentary capacity on March 22, 1978.

Sanden has raised two issues on appeal. The first is that the trial court erred in failing to instruct the jury properly on the burden of proof. Sanden proposed the following instruction:

> "A will contestant must prove mental incapacity and undue influence by clear, convincing, and satisfactory evidence."

The trial court instructed the jury that Adeline and Hermoine were required to prove mental incapacity and undue influence by "a preponderance of the evidence".

■ Rule 51(c) of the North Dakota Rules of Civil Procedure provides:

"RULE 51—INSTRUCTIONS TO JURY

.   .   .   .   .

"(c) Exceptions to instructions. The giving of instructions and the failure to instruct the jurors shall be deemed excepted to unless the court, before instructing the jurors, shall submit to counsel the written instructions which it proposes to give to the jurors and shall ask for exceptions to be noted, and thereupon counsel must designate such parts or omissions of such instructions as he may deem objectionable. Thereafter, only the parts or omissions so designated shall be excepted to by the counsel designating the same. All proceedings connected with the taking of such exceptions shall be in the absence of the jurors and a reasonably sufficient time shall be allowed counsel to take such exceptions and to note the same in the record of the proceedings."

In the instant case, Sanden was given the opportunity to take exception to the jury instructions given by the trial judge. Sanden did not object to the proposed instruction which stated that the burden of proof for establishing testamentary incapacity and undue influence was by a preponderance of the evidence. The failure to except to instructions after an opportunity to do so has been provided results in the instructions not excepted to becoming the law of the case and, therefore, inappropriate for appellate review. *Rau v. Kirschenman*, 208 N.W.2d 1, 4 (N.D.1973) and cases cited therein; *Brauer v. James J. Igoe & Sons Construction, Inc.*, 186 N.W.2d 459, 475 (N.D.1971).

■ Counsel for Sanden has argued that his proposed instruction on burden of proof, because it was different than the instruction given, is equal to or the same as an exception to the instruction given. We disagree. By failing to except specifically to the instruction given, counsel has waived his opportunity to attack that instruction on

appeal regardless of whether or not he proposed an instruction on the same issue. See *Paulsen v. Modern Woodmen*, 21 N.D. 235, 130 N.W. 231 (1911).[2]

The second issue raised by Sanden is that the trial judge erred in allowing counsel for respondents to open and close final argument. The trial judge determined that Sanden had met his burden of making out a prima facie case of due execution, death, and venue as required by § 30.1–15–07, N.D.C.C. Accordingly, he instructed the jury that Sanden had met his burden of proof and that the burden had shifted to Adeline and Hermoine to establish their case by a preponderance of the evidence. Because Adeline and Hermoine carried the burden of proof on the only remaining disputed issues, the trial court concluded that they should be permitted to open and close final argument.

Section 28–14–10, N.D.C.C., provides that the order of trial should be as follows:

"28–14–10. Order of trial.—When the jurors have been sworn, the trial must proceed in the following order, *unless the judge for special reasons directs otherwise*:

1. The plaintiff after stating the issue and his case must produce the evidence on his part;

2. The defendant then may open his defense and offer his evidence in support thereof;

3. The parties then respectively may offer rebutting evidence only, unless the court for good reasons in furtherance of justice permits them to offer evidence upon their original case;

4. When the evidence is concluded, unless the case is submitted to the jury on either or both sides without argument, the plaintiff must commence and may conclude the argument;

5. If several defendants having separate defenses appear by different counsel, the court must determine their rel-

---

**2.** *Paulsen, supra*, although decided under prior law, is still valid support for the proposition cited herein and has been reaffirmed as recently as 1952 in *Mann v. Policyholders' Nat. Life*

Ins. Co., 78 N.D. 724, 51 N.W.2d 853, 866 (1952). *Paulsen* was distinguished on other grounds in *Hrabek v. Patocka*, 49 N.D. 1119, 194 N.W. 691, 694 (1923).

ative order in the evidence and argument; and

6. The court then may charge the jury." [Emphasis added.]

■ Section 28–14–10, N.D.C.C., provides that for "special reasons" the trial judge can permit a change in the order of trial. In the instant case the trial judge determined that Adeline and Hermoine carried the ultimate burden of persuasion and permitted them to open and close final argument. It was not an abuse of discretion to do so.

In *Ottertail Power Co. v. Von Bank*, 72 N.D. 497, 8 N.W.2d 599, 606 (1943), the defendant carried the burden of proving damages. Because the issue of damages was the only jury question presented, the trial court allowed the defendant to open and close final argument. This court concluded that the trial judge did not abuse his discretion in changing the order of trial. The court found that because the defendant had the ultimate burden of persuasion, there was a special reason within the meaning of the statute to permit the change in the order of trial. *Myra Foundation v. Harvey*, 100 N.W.2d 435 (N.D.1959), also lends support to the proposition that where a defendant carries the ultimate burden of persuasion with regard to the only disputed issues presented in a case, it is not an abuse of discretion for the trial judge to reverse the order of final argument and allow the defendant to commence and conclude the argument. In the instant case, it was proper for the trial judge to allow Adeline and Hermoine to open and close final argument because they carried the ultimate burden of persuasion under the applicable law on the only disputed issues presented to the jury.

Judgment affirmed.

ERICKSTAD, C. J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.