[No. 2669. Decided December 7, 1897.]

UNION ELECTRIC COMPANY, *Respondent*, v. SEATTLE THEATRE COMPANY, *Appellant*.

EVIDENCE — BOOKS OF ACCOUNT — CONTRACT FOR LIGHTING PREMISES —LIGHT USED BY LESSEE — LIABILITY OF LESSOR.

Books of account made up at the end of each month from data collected from various sources, and not from the personal knowledge of the person making the entries, are not admissible in evidence for the purpose of establishing an account charged up against defendant.

Where the owner of a building enters into a contract for a term of years with a light company to furnish an electric current for lighting purposes, the fact that he subsequently leases the building to another, who uses the current supplied under said contract, will not affect the liability of the owner, unless there has been a new contract by novation entered into, or a release by the light company from the obligations of the original contract.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Affirmed.

*Strudwick & Peters*, for appellant.

*Gill, Keene & Shaw*, for respondent.

The opinion of the court was delivered by

GORDON, J.—Respondent sued to recover the alleged contract price for electric current furnished in lighting a theatre building in the city of Seattle. The complaint in the action alleges that a contract was entered into, which was in form a written proposal upon the part of the respondent accepted by appellant, viz.:

"Seattle, Wash., May 11th, 1892.
" Seattle Theatre Company, J. D. Lowman, Pres.:

" Dear Sir—We will furnish current for 450 16-candle power incandescent lamps, for the term of five years from September 1st, 1892, for $11.75 per night during the per-

formance, it being understood that everything is to be furnished by your company, subject to the usual terms and conditions of our contract hereto attached.  Respectfully submitted,                                    " Union Electric Company,
Indorsed.           " Per A. L. Hawley, Asst. Mngr.
      " Accepted May 14, '92.
            " The Seattle Theatre Co.,
              " Per G. H. Heilbron, Secty."

Attached thereto were certain specifications and rules not necessary to be herein set out.

The complaint also alleges that by virtue of, and under, this contract and agreement, respondent furnished current for lights as agreed, for a specified number of nights, and thereafter, upon demand of the appellant, furnished a bill of particulars showing the number of nights for which light was furnished, and also the amounts paid, with the dates of payment.

The answer admitted the corporate capacity of the respective parties, and denied each and every other allegation.  The trial resulted in a verdict, followed by a judgment, for respondent, and a motion for new trial having been overruled the defendant appealed.

The first error assigned is the ruling of the court permitting respondent's books of account to be given in evidence. These books purport to show the number of nightly performances during each month, the entries themselves being made at the end of the month, from data collected from different sources, viz., from an examination of columns of a daily newspaper, which it was assumed correctly reported the number of performances at the theatre, and also from the statements of respondent's collectors, etc.

It further appears that from month to month bills— made from the books—purporting to show the number of performances occurring during the preceding month were presented at the box office and otherwise, and the books

were offered and received as admissions of the correctness of such charges. We think the books were entirely incompetent, and that the objection to their introduction should have been sustained. The entries were not contemporaneous with the facts to which they pertained, were no part of the *res gestae*, and did not relate to matters within the personal knowledge of the party making them, but they were made at remote periods, and from sources of information that were not authentic. But while it was error to receive the books, it was harmless error, because from the record we think it was not incumbent upon respondent to make any proof of the amount of light furnished.

At the trial the efforts of appellant's counsel were directed to showing that appellant was not liable for any light furnished, inasmuch as it had, shortly after the time of entering into the contract with respondent, leased its theatre building to one John W. Hanna for a term of years, and we quote from a statement made by counsel in open court the following:

" We admit that they delivered the electric light that they claim to this man Hanna, the lessee of the building," and again,

" They did furnish light here to John W. Hanna, who leased these premises."

Referring to the pleadings it will be seen that the answer contains no affirmative defense. The complaint alleged: (1) A contract with the appellant for furnishing light at a specified price for each performance, and (2) that light was furnished for a given number of performances.

The answer was a mere denial, not coupled with the statement of any new matter constituting a defense. In this condition of the pleadings, plaintiff was only required to prove two things to be entitled to a recovery, viz., its contract with appellant, and the amount of light that was fur-

nished. When it had introduced its contract and the proof connected therewith, and when appellant had admitted, as we have seen it did through its counsel, that the light had been actually furnished to the theatre building, plaintiff's case was complete, and the fact that thereafter appellant was permitted to show that it had leased its building to Hanna in no wise affected plaintiff's right of recovery, first, because novation was not pleaded, and secondly, because the evidence—even were it entitled to be considered—does not tend to show that appellant had ever been released from its obligation to pay plaintiff for the light furnished under the contract; so that if the defense had been pleaded there was nothing in the evidence to support a verdict in appellant's favor.

It follows that the verdict was right, and that if error was committed at all, it was harmless merely, not entitling appellant to a reversal. We may add that from a careful examination of the entire record, and the able briefs of counsel, we are satisfied that substantial justice has been done, and the judgment appealed from is affirmed.

SCOTT, C. J., and DUNBAR, ANDERS and REAVIS, JJ., concur.