## ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., Limited, v. O'KEEFE.

### No. 9492.

Circuit Court of Appeals, Eighth Circuit.
March 24, 1933.

Ralph F. Potter, of Chicago, Ill. (George A. Bangs, of Grand Forks, N. D., on the brief), for appellant.

C. J. Murphy, of Grand Forks, N. D. (H. O'Keefe, Jr., and T. A. Toner, both of Grand Forks, N. D., on the brief), for appellee.

Before STONE, VAN VALKENBURGH, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This is an appeal from a judgment against appellant after verdict for plaintiff, the appellee.

The action was brought upon a policy of accident insurance having the special coverage: "Loss of use or dismemberment by accident only (excluding disease coverage) in respect only of Hands—Fingers—Thumbs."

It is conceded that the policy was issued to plaintiff about August 15, 1927; that he paid the required premium; that on September 17, 1927, he suffered the loss of his right thumb and of his right first and second fingers by the accidental discharge of a shot gun; that the required proofs of injury and loss were duly made.

Numerous defenses are set up in the answer, but they may be grouped under two general headings; first, that plaintiff in the application for the policy made certain false answers and representations with intent to deceive defendant; second, that plaintiff in the application made certain false answers and representations which were material to the acceptance of the risk by the defendant company and to the hazard assumed by the company, and were relied upon by the company.

The application was signed by plaintiff and was attached to and made a part of the policy.

The alleged false representations and false answers related mainly to rejections of plaintiff by other companies; to cancellation by other companies of policies held by plaintiff; and to amounts of indemnities received by plaintiff from other companies under policies of insurance. These various occurrences happened from six to eight years prior to the date of the application in the case at bar.

The policy contained the following provision: "The right to recovery under this policy shall be barred in the event that any one of the statements in the application, material either to the acceptance of the risk or to the hazard assumed by the company, is false, or in the event that any one of such statements is false and made with intent to deceive."

This is the second appearance of the case in this court. Further facts will be found in the opinion of the court on the first appeal, 43 F.(2d) 809, 811, 73 A. L. R. 298.

1. On the first trial, the court below directed a verdict for defendant on the ground that some of the answers made by plaintiff in the application relative to rejections and amounts of indemnities received were false, and were material and increased the risk of loss; and that the question raised was one of law for the court.

On appeal from the judgment entered, this court reversed the judgment, and in its opinion discussed and construed section 6501, Compiled Laws of North Dakota, 1913, as having a direct bearing upon the case. That section reads as follows: "No oral or written misrepresentation made in the negotiation of a contract or policy of insurance by the insured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increased the risk of loss."

It clearly appears from the records of both trials in the court below and from the briefs on both appeals that the proper construction of said section 6501 was and is one of the vital issues in the case. A rehearing on the former appeal was asked but was denied. Certiorari to the Supreme Court of the United States was also denied (282 U. S. 898, 51 S. Ct. 182, 75 L. Ed. 791).

In its opinion on the former appeal, this court used the following language:

"Looking first at the language of the North Dakota statute, deferring until later any study of decided cases construing it and similar statutes in other states, it seems to us to mean that no misrepresentation or false statement made in an application for insurance is ipso facto a defense. It is a defense only when it is proved that 'the matter misrepresented increased the risk of loss,' that is to say, when it is proved that the hazard insured against would be more likely to happen in the real state of the facts than in a state of facts not actually existing, but falsely represented as the real state of facts.
* * *

"But defendant earnestly contends that the language in section 6501 'unless the matter misrepresented increased the risk of loss' means 'unless the matter misrepresented' was 'material to the risk,' and that under section 6484 any misrepresentation of a fact is 'material to the risk' if the fact would probably and reasonably have influenced the insurer in forming his estimate of the disadvantages of

a proposed contract or in making his inquiries.

"No decision of the Supreme Court of North Dakota supporting this construction has been cited. Cases are cited (e. g. Soules v. B. A. Y., 19 N. D. 23, 120 N. W. 760) which hold that that increases the risk which materially affects the risk and so much may readily be conceded. But there is no decision in North Dakota holding that what might reasonably influence an insurer's entering into the contract necessarily also increases the risk of loss under the contract.

"Section 6484, which defendant in part relies on, reads as follows: 'Materiality is to be determined not by the event, but solely by the probable and reasonable influence of the facts upon the party to whom the communication is due in forming his estimate of the disadvantages of the proposed contract or in making his inquiries.'

"Defendant seeks to apply this section to section 6501 after first construing the words in section 6501—'increase the risk of loss,' as meaning 'material to the risk'—but such construction of section 6501 robs it of significance and purpose. The obvious intent of the section was to work some change in the pre-existing law. No change was accomplished, if, after its adoption in the same sense as before, whatever affects the acceptance of the risk still defeats the policy."

And further the court said [page 811 of 43 F.(2d)]: "Our view is that the plaintiff's misrepresentation or, more accurately, his failure to disclose rejections and cancellations, when the explanation in evidence of all the facts surrounding them is considered, was not a misrepresentation as to a matter which so undoubtedly increased the risk of accidental dismemberment as that reasonable men might not think otherwise."

 The construction of the statute so announced has become the "law of the case" and will not be changed except for weighty reasons.

 In Pennsylvania Mining Co. v. United Mine Workers, 28 F.(2d) 851, 852, this court, speaking by Judge Kenyon, said:

"It is the well-established doctrine of the federal courts that, on a second writ of error or appeal, questions of law or fact determined upon the first hearing are not reconsidered, provided the evidence was substantially the same upon both trials. Under such circumstances questions of law determined on a writ of error or appeal are the law of the case, both for the trial court and

this court on a second writ of error or appeal. * * *

"There should be and is an exception to this rule, viz.: If convinced that a former decision is clearly erroneous and unsound, and works manifest injustice to the parties, an appellate court should not deem itself bound as to such parties by the rule of 'law of the case.' It is the general practice of courts, however, 'to refuse to reopen what has been decided.' "

In Page v. Arkansas Natural Gas Corporation (C. C. A.). 53 F.(2d) 27, 31, the court, again speaking by Judge Kenyon, said: "The rule of 'the law of the case' is of course recognized by this court. The theory is that what has once been determined should not be reopened, well expressed by Mr. Justice Holmes in Messinger v. Anderson, 225 U. S. 436, 32 S. Ct. 739, 740, 56 L. Ed. 1152: 'In the absence of statute the phrase, "law of the case," as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.' "

See, also, City and County of Denver v. Denver Tramway Corp., 23 F.(2d) 287 (C. C. A. 8); Federal Reserve Bank v. Omaha National Bank, 45 F.(2d) 511 (C. C. A. 8); Northern Pacific Ry. Co. v. Van Dusen Harrington Co., 60 F.(2d) 394 (C. C. A. 8); Ætna Life Ins. Co. v. Wharton (C. C. A. 8) 63 F.(2d) 378; National Bank of Commerce v. United States (C. C. A.) 224 F. 679.

We find no reason in the case at bar for departing from the well-established rule.

It is true that on the first appeal the question of "intent to deceive" on the part of plaintiff was not stressed; but that question, under the evidence on the second trial, was, in our judgment, rightly submitted to the jury under proper instructions.

 It is also true that on the second trial, defendant introduced the testimony of one new witness; but that testimony was merely cumulative, and does not prevent the application of the doctrine of the "law of the case." Ætna Life Ins. Co. v. Wharton, supra.

It follows, in view of the holding of this court on the former appeal, and in view of the evidence in the case, that the court below was right in denying the motion of defendant for a directed verdict upon the latest trial.

2. There remains the inquiry whether, in

submitting the questions to the jury, the court erred in its instructions.

The main error stressed is that the court instructed the jury as follows: " * * * If you find there were such misrepresentations and they were untrue, and then you further find that such misrepresentations increased the risk of loss of the insured under the policy, then you should find for the defendant. But the mere fact, standing alone, that there were misrepresentations that were untrue and even knowingly made, if you fail to find that because of such misrepresentations under that defense that the risk of loss was increased, then the fact that there were some misrepresentations is immaterial."

In determining whether this portion of the charge was erroneous, regard must be had to other preceding portions.

The court had pointed out that under section 6501 of the North Dakota Statute, two defenses were open: (1) That false representations were made with intent to deceive; (2) that false representations were made, and that they increased the risk of loss.

As to the first defense, the court charged: "But a false representation made with intent to deceive must, of course, not only be false, that is, not only untrue, but it must be false, that is, untrue and knowingly made, coupled with an intent to deceive the company. So before the defendant is entitled to recover or entitled to a verdict at your hands on that ground or under that defense the defendant must have proved to you by a fair preponderance of the evidence, one, that the representations alleged to be false or one or more of such representations, were in fact false, and, two, that plaintiff when he made the representation knew the representation was false, and, three, that he intended thereby to deceive the defendant."

This was clear, concise, and complete, and no exception was taken thereto.

As to the second defense, the court charged: "With reference to the other defense pleaded by the defendant, namely, that the alleged false representations made by the plaintiff increased the risk of loss under the policy. * * * So with the defense of misrepresentations made increasing the risk of loss, that defense is good only when it is proved that the matter misrepresented increased the risk of loss, that is to say, when

it is proved that the hazard insured against would be more likely to happen in the real state of the facts than in a state of facts not actually existing but falsely represented as the real state of facts."

This was in accord with the law as stated by this court on the former appeal.

And later, in reference also to the second defense, the court gave the portion of the charge heretofore quoted, to which objection is made.

Still later, the court summarized its instructions under the two defenses as follows: "I have instructed this jury that under the defense of false representations with intent to deceive, the defendant must prove not only that the representations were false, but that they were knowingly false and coupled with an intent to deceive; but as to the defense of increasing the risk of loss, under that defense, the defendant must prove, first, that they were misrepresentations and that such misrepresentations increased the risk of loss. The fact alone, under that defense, that they were false and made knowingly, unless it increased the hazard of the risk assumed by the company, they are immaterial."

We think the trial court was right in thus distinguishing the two defenses under the statute (section 6501, supra); and that in giving the instructions (above quoted) as to the second defense, it followed correctly the holding of this court upon the former appeal.

3. The remaining specifications of error relate to refusals of the court to give certain charges which were requested by appellant.

We have examined these requests, but are of the opinion that there was no reversible error in refusing them. The charge as given was clear, impartial, and covered the vital issues in the case.

The judgment is affirmed.

VAN VALKENBURGH, Circuit Judge (concurring).

I place my concurrence in the foregoing opinion of Judge BOOTH more specifically upon the ground that the history of this litigation makes the rule announced on the first appeal peculiarly applicable as the law of the case. Standard Accident Insurance Company v. Rossi (C. C. A. 8) 52 F.(2d) 547, 549; Anderson v. Messenger (C. C. A. 6) 158 F. 250.