# Staunton.

TURNER'S ADM'R V. STAPLES & ALS.

SEPTEMBER 12th, 1889.

1. APPELLATE COURT—*Second appeal—Res judicata.*—Decree of this court upon a question decided by the court below is final and irreversible; and upon second appeal in the cause, a question decided upon first appeal cannot be reversed, being *res judicata.*

2. IDEM—*Conclusiveness of decree—Additional evidence.*—The fact that additional evidence was taken after the case was remanded, does not affect the conclusiveness of the decree whereby the principles of the case were settled.

Heard at Wytheville.   Decided at Staunton.

Appeal from decree of circuit court of Patrick county, rendered in the cause of Murray Turner, administrator of Rufus Turner, deceased, against Samuel G. Staples, executor of Abram Staples, deceased.   The decree being adverse to the complainant, he appealed.   Opinion states the case.

*A. M. Lybrook,* for the appellant.

*W. R. Staples, Luke Tompkins,* and *A. A. Phlegar,* for the appellees.

LEWIS, P., delivered the opinion of the court.

This appeal is the sequel to *Staples* v. *Turner's Adm'r,* 29 Gratt., 330.   It appears from the record that in November,

1871, the appellee, Samuel G. Staples, executor of Abram Staples, deceased, had a settlement with Murray Turner, administrator of Rufus Turner, deceased, when a balance was found to be due the administrator of $1,176 10. This balance was subsequently assigned to Hardin W. Reynolds and James H. Rangely, for whose benefit two actions at law were brought to recover it. Thereupon Staples filed his bill in equity for an injunction and an account, alleging that there were errors in the above-mentioned settlement; and that the agreement between the parties was that he was to be held individually responsible only for what was due from him in his individual character. The cause was referred to a commissioner, who reported a balance due by the plaintiff of $964 01, and for this sum a decree was rendered against him. This court, however, on appeal, reversed the decree, on the ground that the commissioner, in stating the account, had blended the plaintiff's individual matters with his accounts as executor, and because the decree proceeded upon the idea that Staples was personally liable for the whole account, notwithstanding it was expressly agreed that he should only be bound for what was charged against him individually. And the cause was remanded for an account to be taken to ascertain what, if anything, was due from him individually.

After the cause went back to the circuit court, the defendants in the original bill filed a cross-bill, insisting that the above-mentioned sum of $964 01 was due from Staples individually, and praying that a decree be rendered against him in their favor for that amount. The cause was again referred to a commissioner, pursuant to the mandate of this court, and a decree was finally rendered confirming the commissioner's report, ascertaining a balance due to Staples individually by Turner's administrator of $235 43, and to Turner's estate by Staples as executor of $1,078 99. And from this decree an appeal was allowed by one of the judges of this court.

We are of opinion that there is no error in the decree. It

was expressly held by this court on the former appeal that the sum of $964 01 was not due by Staples individually, and that his personal liability extended no further than for what was charged against him individually in the settlement of November, 1871, as appeared from the agreement of the parties at the time. And the very grounds upon which it is now insisted that he is liable for the whole balance due the estate of Turner were set up in the answer to the original bill; so that the matter is *res judicata*, and the fact that additional evidence was taken after the case went back to the circuit court does not effect the conclusiveness of the decree by which the principles of the cause were settled.

The decree of the circuit court was declared to be erroneous, because it proceeded " upon the idea that Samuel G. Staples is personally liable for the whole account, although it was agreed that he should only be bound for what was charged against him individually, and because it dissolved the injunction for $964 01, which was the balance due R. Turner's administrator, in the opinion of the circuit court, upon the whole account, individual and fiduciary."

It is true nothing was said either in the opinion or the decree of this court as to the W. R. Staples, Mendenhall, Hairston, and Kellogg tickets, but the principle was none the less firmly settled that Samuel G. Staples was liable only for what was charged against him individually in the settlement above mentioned; and whether right or wrong—as to which we express no opinion—this view is conclusive of the matter; since the rule, as laid down in *Campbell's Ex'ors* v. *Campbell's Ex'or*, 22 Gratt., 649, and in numerous subsequent cases is, that it is not competent for this court to review one of its own decrees rendered at a previous term, even though error therein be apparent. The decree complained of must, therefore, be affirmed.

DECREE AFFIRMED.