## Samuels & Company v. T. M. Gilmore & Company.

(Decided February 8, 1911.)

### Appeal from Nelson Circuit Court.

1. Former Appeal—Res Judicata.—The opinion upon a former appeal is the law of the case upon a second appeal.

2. Corporation Officers—Capacity to Make Contract.—Where the president of a corporation was mentally incapable of making a contract, but only signed it after the terms had been agreed upon and put in writing under the direction of the secretary, treasurer and manager, the contract was binding upon the corporation.

3. Right to Rely Upon Incapacity of Officer.—In order that a corporation may rely upon the mental incapacity of its officer or agent to make a contract on behalf of the corporation, it must be clearly established that the contracting agent did not, at the time the contract was entered into, have sufficient capacity to know and understand what he was doing.

4. Submitting Issue to Jury—Necessity Of.—Where there is any evidence upon a question in issue, it is error not to submit that question to the jury; but where there is a total failure of evidence to support a given proposition it is error to submit that proposition to the jury.

NAT W. HALSTEAD, JOHN W. LEWIS and D. A. McCANDLESS for appellant.

JOHN A. FULTON, J. S. KELLY and R. C. CHERRY for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

T. M. Gilmore & Company brought this suit against W. B. Samuels & Company to recover commissions for selling 3,266 barrels of whiskey at fifty cents per barrel. The provisions of the contract and the several defenses interposed by W. B. Samuels & Company are set forth in detail in the opinion of this court delivered upon a former appeal, and may be found in 135 Ky. 706. The answer presented four specific, affirmative defenses: (1) that the writing sued on was not the act and deed of the defendant company, and that it was not bound by the unauthorized act of its president, Mrs. M. A. Samuels; (2) that at the time of the execution of this writing Mrs. Samuels was not competent to contract; (3) that she was overreached and deceived in its execution by T. M. Gilmore, the president of the plaintiff company; and (4) that the contract was without consideration. Upon the first trial the circuit court peremptorily instructed the jury to find for Samuels & Company, which was done, and the petition was dismissed. Upon the appeal this court held that a peremptory instruction should have been given the jury to find in favor of Gilmore & Company, and reversed the judgment for further proceedings. Upon the second trial the circuit court peremptorily instructed the jury to find for the plaintiff, Gilmore & Company, which it did; and from a judgment in plaintiff's behalf, the defendant Samuels & Company prosecute this appeal.

The opinion upon the former appeal fully discusses the evidence and the law of the case, and it need not be

repeated here. It is sufficient to say that on the second trial the evidence was not, in any material respect, different from the evidence heard upon the first trial.

It is conceded by counsel for appellant that the former opinion disposed of the first and fourth defenses above specified; but it is contended that the second defense, which raised the question of the mental capacity of Mrs. Samuels to make the contract, and the third defense, which alleged that she was overreached and deceived in its execution, were still open questions and should have been sent to the jury under proper instructions.

As above stated, the evidence upon this trial was substantially a repetiton of the evidence upon the former trial, with the exception that appellant introduced three new witnesses, Hall, McLain and Miller, upon the issue raised as to the mental capacity of Mrs. Samuels to make the contract. But their testimony is cumulative merely of the testimony of eight other witnesses who testified upon the same point. Appellant insists, however, that his court never intended, by its opinion upon the former appeal, to deny to appellant the right of a trial by jury upon these two issues; and, in support of that position, it bases its argument, in part, upon the fact that a controlling sentence in the former opinion was modified upon a petition for a rehearing, but that the modification was not known to, or brought to the attention of, the circuit judge or of counsel who tried the case. The modification referred to in the former opinion is found on page 723 of volume 135 of the Kentucky Reports. The original sentence is found in that paragraph of the opinion which deals with the question of the mental capacity of Mrs. Samuels, and reads as follows:

"But, in order that it may avail itself of this right, it must be clearly established that the said contracting agent did not, at the time the contract was entered into, have sufficient capacity to know and understand what he was doing, and that this fact was not known to other officers or agents of the company, or, if known to them, they did not know that such officer was attempting to act or represent the company."

In response to a petition for a rehearing, however, this court struck from the quoted sentence the following portion thereof;" and that this fact was not known to other officers or agents of the company, or, if known to them, they did not know that such officer was attempting

to act for or represent the company," thus leaving that sentence of the opinion when corrected, and as the opinion of the court upon this point, to read as follows:

"But, in order that it may avail itself of this right, it must be clearly established that the said contracting agent did not, at the time the contract was entered into, have sufficient capacity to know and understand what he was doing."

We do not see that this modification of the opinion in any respect strengthens the appellant's position under the facts of this case and the former opinion, which applied the law under those facts; for it is therein clearly pointed out that this court rested its decision upon the fact that the contract had, in effect, been made by Mrs. Samuel's son, H. M. Samuels, who was the secretary, treasurer and manager of the company. The court not only reached the conclusion that Mrs. Samuels knew and understood what she was doing at the time she signed the contract, but, upon the other branch of the question, it said:

"But even if the evidence led us to entertain a contrary view, and to hold that she did not at that time have mental capacity to contract, still defendant must fail in its contention for the further reason that in its execution the secretary and treasurer of the company, who was also a director and had the active management and control of its affairs, participated. In fact, he assisted in the draft of the contract and discussed its terms and provisions, and not until they were acceptable to him was his mother, the president conferred with in regard thereto. Here, then, we have a contract entered into between plaintiff and defendant in which the defendant is represented not only by the president, whose capacity to contract is questioned but by another officer of the company, her son, H. M. Samuels, who had equal authority to represent it and whose mental ability is in no wise impaired. He and his mother owned practically all of the stock of this corporation. In its welfare and success he was most vitally interested. If he had not wanted the contract executed, or the company had not been satisfied with its terms and provisions, instead of going to his mother and requesting her to enter into it for the company, he should have objected to her signing it; and, if he regarded her as mentally incompetent to transact business, he should have so stated to the plaintiff."

"The fact that he did not object to plaintiff seeing his mother and discussing the matter with her and contracting with her relative thereto is another evidence that he did not regard his mother as incompetent to transact business; and that neither they nor their attorney so regarded her is further evidenced by the fact that when a few days after the contract had been entered into the company through its president notified Edelen & Co., that they would not carry out the contract, the ground upon which they sought to escape liability was not want of capacity upon the part of its president, who made the contract, but because she had not first obtained authority so to do from the board of directors."

It is clear, therefore, that the former opinion held that although, as a matter of fact, Mrs. Samuels may not have had the mental capacity to understand the contract when she executed it, the presence and joint act of her son, who was secretary, treasurer and manager of the company took the case out of the operation of the rule which avoids a contract entered into by one while mentally incapacitated to do so, because it was, in reality, the act of the manager. In this we think the former opinion was clearly right, and we must adhere to that ruling.

In support of the second ground urged for a reversal that Mrs. Samuels was overreached and deceived by Gilmore when she signed the contract—it is contended that there is some evidence to support that charge, and that the question should have been submitted to the jury for decision. In the former opinion we said that there was nothing in the record to justify the charge that a fraud was practiced upon the president, M. A. Samuels, in the execution of the contract; and, there is nothing in the record upon this appeal which strengthens the appellant's case in that respect. There is abundant authority sustaining the propositon that where there is any evidence to support a question in issue it is error not to submit that question to the jury; but where there is a total failure of evidence to support a given proposition, it is error to submit that proposition to the jury. Bannon vs. Patrick Bannon Sewer Pipe Co., 136 Ky. 572. Upon the former appeal this court was of opinion that there was no evidence of fraud; and we are of opinion that the case in that respect is no stronger for appellant upon this appeal. That being true, the circuit judge properly refused to submit that question to the jury.

Appellant assigns a further ground for reversal in the seventh ground for a new trial, which claims that the court erred in its judgment in giving the appellee double the amount it was entitled to recover under the proof. This ground, however, has not been argued either orally or in the briefs, and we are not advised of any specific error committed by the circuit court in that respect. On the contrary, the contract is in writng, and by its terms, it sustains the judgment in every respect.

Wherefore the judgment of the lower court is affirmed with damages.