## Carter Coal Company v. Dozier, By &c.

(Decided February 22, 1918.)

### Appeal from Knox Circuit Court.

1. **Appeal and Error—Pleading—Instructions.—**Upon appeal, where the pleadings in the action have not been made a part of the record, it will be presumed, that they are sufficient to support the verdict, and that the instructions submit to the jury only such issues as are properly made in the pleadings.

2. **Appeal and Error—Law of the Case.—**An opinion, in a case, upon a former appeal is the law of the case upon a subsequent appeal.

P. D. BLACK and BLACK & OWENS for appellant.

J. M. ROBSION for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellee, Willie Dozier, who was a thirteen-year-old boy, complaining that he had received very severe injuries because of the negligence of the appellant, Carter Coal Company, who, at the time and place of his injury, owed him the duty of exercising ordinary care not to injure him, instituted this action to recover of the appellant a large sum in damages. This is the second appeal of the action to this court. The opinion upon the first appeal may be found in 170 Ky. 374, where the pertinent facts of the case are stated. Upon the return of the case to the circuit court, a second trial was had, which resulted in a verdict of the jury in favor of appellee for the sum of two thousand dollars, and a judgment in accordance with it. Appellant's motion for a new trial having been overruled, it has appealed from that judgment. The only ground, which is now relied upon for a reversal is the alleged error of the court, in overruling the motion, for a direct verdict by the jury in favor of the appellant.

The pleadings, in the action, have not been made a part of the record, and hence we can only presume that they support the judgment, and that the issues, which were submitted to the jury by the instructions, were, also, properly made in the pleadings. It is gathered from the opinion upon the former appeal, that the cause of action relied upon in the petition at that time was, that the appellant had negligently failed to have its cars equipped with sufficient hooks; that its employees, at the mouth of its mine and its tipple, in failing to derail the cars, had been negligent and that the safety switches, which were provided for the purpose of derailing the cars, when cars should escape, were negligently allowed to be out of repair. The appellee averring that an arrangement existed between the appellant and its employees to furnish them with coal at the price of one dollar, per month, and that in consequence of this arrangement their wives and children, with the knowledge and acquiescence of the appellant, customarily visited the tipple for the purpose of procuring coal, and under the arrangement for that purpose, and that while the appellee, exercising ordinary care for himself, was at the tipple premises for the purpose of procuring coal, as the direct and proximate cause of the acts of negligence above mentioned, a train of appellant's cars were caused to break away and allowed to run down upon the tipple with great violence, demolishing a portion of the tipple and striking the ap-

pellee, and thereby fractured his skull and caused him to endure great suffering, and permanent injury to his mind and eye.   It is substantially conceded upon both sides, that the evidence upon the last trial was practically the same as upon the first trial.   In the former opinion, it was held, that there was proof in support of all the charges of negligence set out in the petition, and also, evidence, which tended to prove absence of negligence upon the part of the appellant.   The instructions are in substantial accord with the former opinion, in the case. The opinion upon the former appeal is the law of this case, npon substantially the same state of facts.   Davis v. McCorkle, 14 Bush 746; Goff v. Lowe, 141 Ky. 799; Samuels v. Gilmore, 142 Ky. 166. The amount of the damages allowed does not seem to be excessive.

The judgment is therefore affirmed.