## Cumberland Railroad Company v. Gibson.

(Decided January 10, 1919.)

Appeal from Knox Circuit Court.

1. Appeal and Error—Matters Not in Record—Presumption.—Where an amended petition is not made part of the record, it will be presumed that its allegations were sufficient to authorize an instruction submitting an issue not made by the original petition.

2. Railroads—Defective Appliances—Liability—Evidence—Sufficiency. —In an action by an employe of a coal company against a railroad company for injuries caused by a runaway car, alleged to have been equipped with a defective brake, evidence examined and held sufficient, to make it a question for the jury whether the brake was defective, and the defect, if any, was known to the defendant or could have been known to it by the exercise of ordinary care.

BLACK & OWENS for appellant.

GOLDEN & LAY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-
MISSIONER—Affirming.

This is a personal injury action in which plaintiff,
James Gibson, recovered of the defendant, Cumberland
Railroad Company, a verdict and judgment for $600.00.
The defendant appeals.

The defendant operates a railroad in Knox county,
which connects with the Louisville & Nashville Railroad
at Artemus and extends up Brush creek a distance of
eight or ten miles.

Along this route are several coal mines, one of which
is owned by the Carter Coal Company, and is located at
Anchor. Defendant's principal business consists in hauling
the coal from these mines, in cars furnished by the Louis-
ville & Nashville Railroad Company, to Artemus, where
they are received and transported to market by the Louis-
ville & Nashville Railroad. Above its tipple, the Carter
Coal Company has a system of tracks so constructed that
empty cars can be placed there and lowered to the tipple
by the force of gravitation when needed. It was the cus-
tom of the coal company, when it wanted cars, to make
requisition on the defendant and the defendant would
then request the Louisville & Nashville Railroad to fur-
nish the cars. The cars would then be delivered to the
coal company and placed on its tracks above the tipple.
On the occasion of the accident, plaintiff was inside of a
box car at the tipple, preparing to load it with coal. De-
fendant's agents placed an empty car on one of the tracks
above the tipple. Five or ten minutes later, the car thus
placed started down grade and ran into the car in which
plaintiff was at work, striking it with such force that it,
too, started down grade at such a rate of speed that plain-
tiff, in order to save his own life, jumped from the car and
broke his ankle. After the car was placed above the tip-
ple, no person was about it before the accident occurred.
Certain witnesses for the plaintiff testified that they were
observing the car when it was placed above the tipple,
and did not see anyone engaged in setting the brakes.
According to the evidence for the defendant, the brake
was in good condition and was properly and securely set.
It further appears that the defendant did not maintain
any system for inspecting the cars, but relied on the in-
spection made by the Louisville & Nashville Railroad.

The defectiveness of the brake and the failure of the train crew to set the brake properly were the grounds of negligence submitted to the jury. It is earnestly insisted that the first ground of negligence was neither pleaded nor proved, and that the trial court erred in submitting that ground to the jury. It is true that the original petition does not allege that the brake was defective, but it appears from the record that an amended petition was filed. This amendment, however, does not appear in the record. That being true, it will be presumed that the allegations of the amendment were sufficient to authorize the instruction submitting the issue of defective brake. Carter Coal Co. v. Dozier, 179 Ky. 457, 200 S. W. 917.

With respect to the contention that the evidence is not sufficient to authorize the submission of the issue of defective brake to the jury, our conclusions may be summed up as follows: The car in question was placed by the agents of the defendant. They had the opportunity to inspect the car and made no inspection. Cars do not move when the brakes are in proper condition and are properly set. Here no person was about the car, after it was placed above the tipple, and no outside force was applied to the car. In view of these circumstances, its movement must have been due either to the defectiveness of the brake or to the negligent manner in which the brake was set. The man who set the brake claims that he set it in the proper way. If that be true, the car would not have moved unless the brake had been defective. If defective, it is highly improbable that it became defective after it was set, since the car was subjected to no unusual strain. We, therefore, conclude that it was for the jury to say whether the brake was defective and whether the defect, if any, was known to the defendant, or could have been known to it by the exercise of ordinary care.

The bones in plaintiff's ankle were broken. His injury was not only painful but permanent. A verdict for $600.00 was not excessive.

Judgment affirmed.