## ÆTNA LIFE INS. CO. v. WHARTON.
### No. 9498.

Circuit Court of Appeals, Eighth Circuit.
Jan. 19, 1933.

S. Lasker Ehrman, of Little Rock, Ark. (Grover T. Owens, of Little Rock, Ark., on the brief), for appellant.

W. H. Rector, of Little Rock, Ark. (Walter L. Goodwin, of El Dorado, Ark., Gaughan, Sifford, Godwin & Gaughan, of Camden, Ark., and Patterson & Rector, of El Dorado, Ark., on the brief), for appellee.

Before KENYON, SANBORN, and GARDNER, Circuit Judges.

GARDNER, Circuit Judge.

This is an action brought by appellee as plaintiff, to recover on certain life insurance policies issued by the appellant upon the life of John Hawkins Wharton. The parties will be referred to as they were designated in the lower court.

The answer pleaded in effect: (1) That the insured had made material misrepresentations in answering question 9–C embodied in his application for insurance; (2) that the insured had made material misrepresentations in answering question 10 embodied in his application for insurance; and (3) that insured was not in good health on the date on which the policies were delivered and the first premiums paid.

Plaintiff is the surviving widow of the insured, and the beneficiary named in the policies sued upon.

At the close of all the testimony, defendant moved for a directed verdict upon the three grounds above set forth, pleaded in its answer. The motion was denied, and the case sent to the jury upon instructions to which no exceptions are urged in this court by appellant. The court submitted to the jury each of the above-noted defenses, and the jury returned a verdict in favor of the plaintiff on all the issues.

On this appeal it is contended that the court erred in denying defendant's motion for a directed verdict, urging that each of its defenses was sustained by such proof as to leave no substantial evidence supporting the verdict of the jury.

This is the second appearance of this case in this court. On the first trial of the

action, the lower court directed a verdict for the defendant. On appeal of the plaintiff, the defendant, in support of the action of the lower court in directing a verdict in its favor, then urged, as it now urges, that its three defenses had been sustained, and that there was no substantial evidence entitling plaintiff to have the issues submitted to a jury. We reversed the judgment on the ground that the evidence was such as to make a jury issue on each of the defendant's contentions, and remanded the case, with directions to grant plaintiff a new trial. Wharton v. Ætna Life Ins. Co. (C. C. A.) 48 F.(2d) 37.

On retrial, the lower court, in compliance with the opinion and mandate of this court, submitted these issues to the jury on instructions of which defendant makes no complaint in this court, and which we think clearly stated the law. The questions arising on this appeal are, therefore, the same as those considered by us on the former appeal.

■ It is a well-established rule that the decision of an appellate court is the law of that case on the points presented, to be followed in all subsequent proceedings in that case, in both the trial and the appellate court. Federal Reserve Bank v. Omaha National Bank (C. C. A. 8) 45 F.(2d) 511; Northern Pacific Ry. Co. v. Van Dusen Harrington Co. (C. C. A. 8) 60 F.(2d) 394; Pennsylvania Mining Co. v. United Mine Workers (C. C. A. 8) 28 F.(2d) 851; Page v. Arkansas Natural Gas Corp. (C. C. A. 8) 53 F.(2d) 27; H. P. Coffee Co. v. Reid, Murdoch & Co. (C. C. A. 8) 60 F.(2d) 387; Finley v. United Mine Workers (C. C. A. 8) 300 F. 972; Messinger v. Anderson, 225 U. S. 436, 32 S. Ct. 739, 56 L. Ed. 1152.

Recognizing the force of this rule, it is contended that on this second appeal the record presents a different state of facts, and hence our determination on the former appeal is not now controlling.

■ If the evidence is substantially different in material respects from that presented on the former appeal, the rule of the law of the case should not be applied. Illinois Power & Light Corp. v. Hurley (C. C. A. 8) 49 F.(2d) 681; Page v. Arkansas Natural Gas Corp. (C. C. A. 8) 53 F.(2d) 27. With this rule in mind, we have carefully considered the record, and while there is some new testimony on behalf of both the plaintiff and the defendant, it is to be observed that all the testimony introduced by either party on the first trial was again introduced on the second trial, and it was all directed to prove or disprove the three contested questions of fact.

In other words, the testimony on each of these issues is of the same character as that submitted on the first appeal; but it is the contention of each side that his testimony strengthens his contention. Certainly, the new testimony introduced on behalf of the defendant is not of a controlling or conclusive character, but is clearly cumulative. It cannot be said that a new state of facts has been presented, but that certain additional testimony tending to prove or disprove certain alleged facts has been offered.

■ The testimony being merely cumulative, this court should apply the doctrine of the "law of the case." Alerding v. Allison, 170 Ind. 252, 83 N. E. 1006, 127 Am. St. Rep. 363; Turner v. Staples, 86 Va. 300, 9 S. E. 1123; Samuels & Co. v. Gilmore, 142 Ky. 166, 134 S. W. 169; Smith v. Day (C. C.) 136 F. 964.

This testimony did not have the effect of removing the conflict in the evidence, nor did it rob the evidence produced by the plaintiff of its substantial character. There was, therefore, no error in the action of the court in denying defendant's motion for a directed verdict, and the judgment appealed from is affirmed.

KENYON, Circuit Judge (concurring).

I concur in this opinion only because of the rule of the law of the case, and the law of this case was established in the former opinion of the court.