COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Clements and Agee
Argued at Richmond, Virginia


ALVIN QUASH

v.   Record No. 0710-01-2

MARJORIE S. QUASH

MEMORANDUM OPINION[*] BY
JUDGE LARRY G. ELDER
MARCH 5, 2002


FROM THE CIRCUIT COURT OF CAROLINE COUNTY
Horace A. Revercomb, III, Judge

Kelly A. Halligan (Levit, Mann & Halligan,
P.C., on brief), for appellant.

Bruce E. Arkema (Cantor, Arkema & Edmonds,
P.C., on brief), for appellee.


Alvin Quash (husband) appeals from a circuit court

equitable distribution ruling holding that its previous failure

to award Marjorie S. Quash (wife) fifty percent of an annuity

which was marital property constituted a clerical error subject

to correction under Code § 8.01-428(B).  On cross-appeal, wife

contends the trial court erroneously interpreted this Court's

reversal of its spousal support award in a previous appeal,

Quash v. Quash, No. 2761-99-2 (Va. Ct. App. June 27, 2000).  We

hold the evidence supports the trial court's ruling that it

divided all assets equally between the parties and that the

omission of the Occidental Life Annuity from the equitable

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

distribution award was a clerical error subject to correction under Code § 8.01-428(B).  We also hold that the trial court's refusal to award spousal support was not erroneous in light of this Court's decision on that issue in the parties' prior appeal but that wife was entitled to a reservation of support.  Thus, we deny the parties' competing requests for attorney's fees in this appeal, affirm the decision of the trial court, and remand for a reservation of spousal support.

## A.

### CLERICAL ERROR

Code § 8.01-428(B) provides that

> [c]lerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order.

This code section does not authorize a court to reconsider "what judgment it might have rendered while it still retained jurisdiction . . . and then to enter that judgment nunc pro tunc."  Davis v. Mullins, 251 Va. 141, 149, 466 S.E.2d 90, 94 (1996) (emphasis added).  However, it does authorize a court to correct the record to "'speak the truth,'" id. (quoting Netzer v. Reynolds, 231 Va. 444, 449, 345 S.E.2d 291, 294 (1986)), by "'placing upon the record evidence of judicial action which has actually been taken . . . at the proper time,'" action which does not involve the reacquisition of jurisdiction, id. (quoting

-

Council v. Commonwealth, 198 Va. 288, 292, 94 S.E.2d 245, 248 (1956) (emphasis added)).  See also Dorn v. Dorn, 222 Va. 288, 291, 279 S.E.2d 393, 394-95 (1981) (noting that entry of a nunc pro tunc order to correct a true clerical error does not violate Rule 1:1).  "Clerical mistakes which may be corrected under the court's inherent power encompass errors made by other officers of the court including attorneys."  Harris v. Commonwealth, 222 Va. 205, 210, 279 S.E.2d 395, 398-99 (1981).  A court's exercise of authority under Code § 8.01-428(B) is appropriate when competent evidence "clearly support[s] the conclusion that an error of oversight or inadvertence has been made."  Cass v. Lassiter, 2 Va. App. 273, 277, 343 S.E.2d 470, 473 (1986).

Here, the record clearly supports the conclusion that the trial court awarded wife half the value of the TransAmerica Occidental Life Annuity in the equitable distribution proceedings.  Although the commissioner did not set out a detailed list of the property he classified as marital, he noted in his report "an annuity with Occidental Life," which had a cash surrender value of $28,800.35 as of "9/30/97" and an "Accumulation Value" of $32,347.28 as of "3/31/98," and he recommended that wife "be paid 50% of the balance in all . . . annuity accounts previously listed in this report as of the date of separation."

The trial court "agree[d] with and confirm[ed] the commissioner's recommendation" regarding equitable distribution,

-

holding that "the net proceeds from all . . . annuity accounts" were marital property and that wife should receive fifty percent of those funds.  However, in delineating precisely what assets should be divided, the court erroneously concluded that wife's memorandum, which purported to include all marital accounts and valued them at $54,225.54, contained an accurate listing of the parties' annuity accounts.  In fact, that list accidentally omitted the TransAmerica Occidental Life Annuity from the equitable distribution, thereby reducing the total amount of assets to be divided.

Wife perpetuated this error when her counsel prepared the final decree at the court's direction.  Although the decree did not specifically list the assets to be divided, it gave a total value of $54,225.54 for those assets, which did not include the value of the Occidental Life Annuity.  Wife argued in the first appeal to this Court that the value placed on the parties' total assets should have been higher, but she did not specifically argue that this claimed error had resulted from the inadvertent omission of the Occidental Life Annuity from the calculations.  Thus, in reviewing the equitable distribution award in the first appeal, this Court passed only on the "valuation dates and values for marital assets" which were actually contained in "wife's exhibit."  Compare Kaufman v. Kaufman, 12 Va. App. 1200, 1207-09, 409 S.E.2d 1, 5-6 (1991) (holding that trial court could not redetermine value of asset on remand, where value "was

-

an issue directly before this Court in the first appeal of this case" and this Court "specifically upheld the trial court's judgment concerning [the husband's] interest in [the asset]"). This Court was not asked to, and did not, consider whether the Occidental Life Annuity should have been included in the equitable distribution and, thus, exclusion of the annuity did not become the law of the case.

On remand from this Court, the record "clearly supports" the conclusion that the court awarded wife a half interest in all marital assets, including the Occidental Life Annuity, and that wife's inadvertent omission of that annuity from her list of accounts and values, and the trial court's failure to notice same, constituted a clerical error subject to correction pursuant to Code § 8.01-428(B). The court took no additional evidence and did not alter its original ruling. It merely corrected the record to make it "'speak the truth.'" Davis, 251 Va. at 149, 466 S.E.2d at 94 (quoting Netzer, 231 Va. at 449, 345 S.E.2d at 294). Compare Hart v. Hart, 35 Va. App. 221, 230-31, 544 S.E.2d 366, 370-71 (2001) (holding that court's actions did not constitute correction of clerical error and exceeded scope of remand jurisdiction when court heard additional evidence regarding description of easement, an issue which had not been appealed).

-

B.

SPOUSAL SUPPORT

In the parties' previous appeal, a panel of this Court reversed the trial court's spousal support award on the ground that the trial court failed "adequately [to] explain its reasons for deviating from the commissioner's decision."  Although the trial court did not explain its reasons for deviating in the final decree, it incorporated into the final decree a letter opinion in which it analyzed the factors in Code § 20-107.1 and made an award of support.  Implicit in the trial court's decision not to award support on remand is that its earlier letter opinion set out the only reasons it had for deviating from the commissioner's recommendation and that if this Court found its reasons constituted an inadequate explanation, it could not justify an award of support in contravention to the commissioner's recommendation.

Wife did not challenge this Court's prior determination that the trial court's reasons for deviating were inadequate, either by requesting a rehearing by the panel or a rehearing en banc, or by attempting to appeal the reversal to the Supreme Court.  Thus, this Court's determination in Quash v. Quash, No. 2761-99-2 (Va. Ct. App. June 27, 2000), has become the law of the case, and the adequacy of the trial court's original explanation is not before us on appeal.  See, e.g., Whitley v. Commonwealth, 260 Va. 482, 492, 538 S.E.2d 296, 301 (2000); see

-

also <u>Kaufman</u>, 12 Va. App. at 1209, 409 S.E.2d at 6 (citing <u>Turner v. Staples</u>, 86 Va. 300, 302, 9 S.E. 1123, 1124 (1889)). Wife did, however, object to the absence of a provision reserving her right to receive spousal support upon proof of a material change in circumstances, and we remand to the trial court to make such a reservation. <u>See</u> <u>Bacon v. Bacon</u>, 3 Va. App. 484, 491, 351 S.E.2d 37, 41 (1996).

For these reasons, we affirm the ruling of the trial court, deny the parties' competing requests for attorney's fees on appeal, and remand for a reservation of spousal support.

<u>Affirmed and remanded with instructions.</u>